408 So.2d 1239 (1982)
STATE of Louisiana
v.
Eddye Sue W. GREY and Charles S. Grey.
No. 81-KA-0821.
Supreme Court of Louisiana.
January 25, 1982.
*1241 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James David Caldwell, Dist. Atty., George F. Fox, Jr., Asst. Dist. Atty., for plaintiff-appellee.
Samuel Thomas, Tallulah, for defendant-appellant.
DIXON, Chief Justice [*].
Charles S. Grey and his wife, Eddye Sue Grey were jointly charged with possession of marijuana with intent to distribute in violation of R.S. 40:967(A)(1). After a trial by jury, defendant Charles Grey was found guilty as charged. Eddye Sue Grey was found guilty of possession of marijuana. Following a sentencing hearing, Charles Grey was sentenced to eight years at hard labor and to pay a fine of $10,000, or, in default thereof, two additional years. Eddye Sue Grey received a sentence of six months in the parish jail, the maximum term allowed under R.S. 40:967(D)(1).
Defendants purchased a home in Lake Providence, Louisiana. Shortly thereafter, neighbors noticed an unusual number of people coming and going at all hours. The visitors were mostly young persons who would only stay a few minutes, then leave. Due to many complaints received from neighbors, the police drove by the house on several occasions. A surveillance of the home was begun which culminated in the controlled purchase by a confidential informant of a bag of marijuana. A search warrant was obtained on June 3, 1980 and the residence searched.[1] Defendants were arrested based upon the discovery of marijuana.
Assignments of Error Nos. 1, 2, 3
By these assignments defendants contest the trial court's denial of defense counsel's objection to the admissibility of evidence of prior marijuana distribution.
In his opening statement, the prosecutor indicated that defendants had sold marijuana in the past to a confidential informant. Investigator Charles Gilbert and Trooper Donald Givens testified that they arranged for a confidential informant to make a purchase from defendants after learning that the informant had bought marijuana from them about three weeks before the arrests. Defendants objected to this evidence on the *1242 ground that they had not been charged with distribution of marijuana and thus evidence of prior distribution was irrelevant and highly prejudicial. The court ruled that evidence of prior crimes was admissible under the standard of R.S. 15:446.[2]
The admissibility of other acts of misconduct involves substantial risk of grave prejudice to an accused. State v. Prieur, 277 So.2d 126 (La.1973). Therefore, the probative value of unrelated offenses should be weighed in light of its possible prejudicial effect and its tendency to influence the trier of fact improperly. This court has recognized that evidence of other drug sales is of great probative value in establishing intent to distribute when it is an essential element of the crime charged. See State v. Medlock, 297 So.2d 190 (La. 1974). Here the highly probative value of other crimes evidence outweighs the prejudicial effect to defendants. The crime charged in this case, possession of marijuana with intent to distribute, requires that the state prove intent on the part of the accused. Since intent is an essential element of the crime, evidence of prior offenses was properly admitted.
Defendants also argue that the state failed to give notice that it intended to introduce evidence of prior crimes. In State v. Prieur, supra, at 130, we established safeguards to be followed whenever the state offers evidence of other misconduct:
"The State shall within a reasonable time before trial furnish in writing to the defendant a statement of the acts or offenses it intends to offer, describing same with the general particularity required of an indictment or information...."
The state asserts that its answer to a defense motion for discovery meets the Prieur test. In that answer, the prosecutor stated:
"The state may offer evidence of the purchase of marijuana, made from defendants by a confidential informant, approximately 3 weeks before defendants were arrested, which purchase took place at defendants' home in Lake Providence before the search warrant was issued. The state may also offer evidence that the same confidential informant purchased marijuana from the defendants, at their home in Lake Providence, on at least three other occasions during the three month period of March, April, and May of 1980. These acts would be introduced into evidence to show the required intent on the part of the defendants concerning the charge against them of possession with intent to distribute."
We agree with the district court that the state's response to the discovery motion fulfilled the Prieur requirement. It stated clearly that the state might offer evidence of other purchases from defendants preceding their arrests which would be introduced to show intent.
These assignments lack merit.
Assignment of Error No. 4
By this assignment defendants contend that the trial court erred in refusing to permit defense counsel to inquire into the character of the police informant. This assignment lacks merit. The informant told the police officers that he had bought marijuana from defendants at their house in the past. While under the officers' surveillance, the informant entered defendants' home. He was searched by the officers before he left their presence and found to possess only a small amount of cash. After returning from the residence, he had a plastic bag of marijuana on his person. Based on these facts, the police officers executed an affidavit upon which the search warrant was grounded. Thus, the search warrant was not dependent upon the informant's credibility; the police officers' personal observations *1243 supported the warrant. Moreover, an independent magistrate could determine that the informant was credible and his information reliable on the basis of the above events. See State v. Klar, 400 So.2d 610 (La.1981).
Assignment of Error No. 6
By this assignment defendants assert that the jury verdict is erroneous because there was insufficient evidence to convict defendants. To the contrary, the record contains substantial and convincing evidence that defendants are guilty of the crimes for which they were convicted.
This assignment lacks merit.
Assignment of Error No. 7
By this assignment defendants suggest that the trial court erred in not providing them with an opportunity to review the presentence investigation report so that they could rebut allegedly misleading information contained therein. Defendants did not request a copy of the report. In the absence of a timely request and a showing that false information was included in the report, there is no error in the court's failure to give defendants a copy of the report. State v. Boone, 364 So.2d 978 (La.1978), cert. den. 444 U.S. 825, 100 S.Ct. 46, 62 L.Ed.2d 31. There has been no showing that the report contained false or misleading information in this case.
This assignment lacks merit.
Assignment of Error No. 5
By this assignment defendants argue that the district court did not comply with the sentencing guidelines in C.Cr.P. 894.1 and that the sentences imposed are excessive.[3] The trial judge need not articulate every aggravating and mitigating circumstance; however, the record must reflect that he adequately considered the guidelines enumerated in C.Cr.P. 894.1. State v. Franks, 373 So.2d 1307 (La.1979), cert. den. 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818. In imposing defendants' sentences, the court mentioned some of the factors in C.Cr.P. 894.1 as justification for the sentences:
"(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime."
After a review of the presentence investigation report, the court concluded that defendants did not feel they had done anything wrong. This conclusion was based on the answer to a confusing question by the judge and a statement in the report on Charles Grey that he believed his offense was minor. Perhaps the trial judge could have been more explicit in her discussion of the sentencing guidelines; however, we find that the court sufficiently contemplated the factors set out in C.Cr.P. 894.1.
Our Constitution prohibits the imposition of excessive sentences. La. Const. Art. 1, § 20 (1974). Even though within statutory limits, a sentence may violate a defendant's rights against excessive punishment under the particular circumstances of the case. State v. Sepulvado, 367 So.2d 762 (La.1979). Defendant Charles Grey is twenty-five years old. The presentence report discloses no prior criminal activitynot even an arrestas a juvenile or adult. He has been employed consistently since he was sixteen years old. At the time of his arrest, he was working as a dirt scraper operator earning a wage of $5.35 an hour. Due to his steady employment record and the fact that Charles Grey is a first offender, we find no factual basis for the district court's finding that he would be a poor probation risk and was likely to commit another crime. As in State v. Tilley, 400 So.2d 1363 (La.1981), this crime did not *1244 involve a large scale drug operation. From the facts in the record, it appears that defendant Charles Grey was a small-time distributor. He has a wife and three stepchildren (according to the presentence report) to support; the lengthy sentence and large fine imposed by the trial judge will work an undue hardship on defendant and his dependents.
Likewise, defendant Eddye Sue Grey is a first offender with no prior criminal history. She is twenty-seven years old and the mother of two children. She has been consistently employed since childhood, and graduated from Southern University with excellent grades; she has been teaching elementary school since 1978. Due to her arrest, she was forced to resign her teaching position. The jury found Eddye Grey guilty of simple possession, a lesser offense then possession with intent to distribute. Despite the numerous mitigating circumstances and the lack of any negative factors, the district court sentenced her to the maximum permissible sentence for the crime of possession. We hold that the trial court abused her discretion in sentencing defendant Eddye Sue Grey to six months in the parish jail.
In State v. Forshee, 395 So.2d 742 (La. 1981), we vacated a sentence of three years at hard labor and a fine of $7500 for possession of preludin with intent to distribute. In that case, we looked at the defendant's past employment record, the fact that he had no prior convictions, and the testimony of witnesses describing the defendant as a law-abiding citizen, in determining that the sentence imposed was excessive. Similarly, we must decide that the sentences imposed in this case are overly harsh and are not individualized to fit the particular defendants and the offenses.
For these reasons, defendants' convictions are affirmed. The sentences imposed are vacated and the case is remanded to the trial court for resentencing consistent with the views expressed herein.
MARCUS, J., concurs and assigns reasons.
BLANCHE, J., dissents and assigns reasons.
BAGERT, Justice Ad Hoc, dissents and assigns reasons.
MARCUS, Justice (concurring).
I concur in the affirmance of the convictions and agree that perhaps the sentences may be excessive under the circumstances. Accordingly, I respectfully concur.
BLANCHE, Justice (dissenting).
I respectfully dissent. Although defendant Charles Grey was found guilty of possession with intent to distribute, the evidence indicates that the defendants were heavily engaged in the business of distribution of marijuana, and principally to teenagers. Evidence of activity at defendants' residence and the items seized are persuasive evidence of this fact. The seriousness of this type of criminal activity merits serious punishment and, for that reason, I do not consider either of the sentences excessive.
BAGERT, Justice Ad Hoc, dissenting.
Defendants, husband and wife, were jointly charged with knowingly and intentionally possessing marijuana with the intent to distribute, in violation of La.R.S. 40:967(A)(1). After trial by jury, Charles S. Grey was found guilty as charged. Eddye Sue Grey was found guilty of possession of a controlled dangerous substance. Charles S. Grey was sentenced to serve eight years at hard labor and to pay a fine of $10,000.00, two years at hard labor in default of payment of the fine. Mrs. Grey was sentenced to serve six months in the parish jail.
FACTS:
The defendants purchased a house in Lake Providence, Louisiana. Shortly afterwards, neighbors began to notice unusual activity at the house. Testimony was later received to the effect that persons would arrive at the house at all hours of the day or night, stay a few minutes, and then depart. Police instituted a surveillance of the residence and collected data which they *1245 thought tended to confirm their suspicions. An arrangement was entered into with a confidential informant, which resulted in the informant purchasing a bag of marijuana from the occupants of the residence. After this, a warrant for the search of the house was executed. The subsequent search resulted in the seizure of several bags of marijuana.
ASSIGNMENTS 1, 2, & 3.
By these assignments, defendants contend that the trial court erred in admitting evidence of another crime. distribution of marijuana. The jurisprudence recognizes that admission of evidence as to other crimes can be quite prejudicial to the defense. Therefore, unless some compelling justification exists for the admission of such evidence, and unless proper notice is provided to the defendant, the evidence is inadmissable. State v. Prieur, 277 So.2d 126 (La.1973).
It is the State's contention that adequate notice was provided defendants by the search warrant and by the answers to discovery and that the evidence was highly relevant to prove the essential element of intent. We agree, and find that the court committed no error in admitting the evidence. However, if evidence of other crimes is admitted, the court must give certain instructions to the jury:
Moreover, the final charge to the jury shall contain a charge of the limited purpose for which the evidence was received, and the court shall at this time advise the jury that the defendant cannot be convicted for any charge other than the one named in the indictment, or one responsive thereto. State v. Prieur, supra, at 128.
An inspection of the charge of the court reveals no such instruction. It is the opinion of this Court that in the context of this case the omission of these instructions was seriously prejudicial to the defendants. This error was significant enough to merit reversal.
ASSIGNMENT OF ERROR 5.
By the fifth assignment, the defendants contend that the trial court erred in failing to comply with La.C.Cr.P. Article 894.1 in the imposition of sentence and erred further in imposing an excessive sentence. Although defendants did not object to the excessiveness of the sentence at the time of sentencing, this Court is free to consider this assignment as no contemporaneous objection is necessary for such a claim. State v. Gist, 369 So.2d 1339, (La.1979). Furthermore, under the authority of State v. Sepulvado, 367 So.2d 762, (La.1979), this Court may reviewand reversesentences on the grounds of excessiveness, even though the sentence may be within statutory limits. A sentence is excessive "if it is grossly out of proportion to the severity of the crime, or if it is nothing more than the purposeless and needless imposition of pain and suffering." State v. Bonnano, 384 So.2d 355, 357, (La. 1980).
Article 894.1 provides certain criteria which may justify a sentence of imprisonment. The criteria used by Judge Ragland in deciding to impose prison sentences were:
(1) That probation or suspension of sentence involved an undue risk that the defendants might commit another offense during the probation.
(2) That the defendants were in need of correctional treatment that could be most effectively provided by commitment to an institution.
(3) That a lesser sentence would deprecate the seriousness of the crime involved.
In the sentencing hearing, the trial court attempted to set forth its reasons for these findings. The court stated that there was an undue risk that the defendants would commit another crime. The only apparent reason for this determination is the court's question to the defendants, inquiring if they felt they had done anything wrong. As the defendants asserted they were innocent, they naturally answered that they did not feel they had done anything wrong. The court obviously believed that this meant the defendants thought it was not a serious crime to distribute marijuana. That does not appear to be the belief of the defendants.
*1246 The trial court gave no reasons for concluding that the defendants were in need of correctional treatment or a custodial environment. The only rationale given for the determination that a lesser sentence would deprecate the seriousness of the crime was a vague statement that the distribution of marijuana had a "bad influence on any community."
The court then considered certain mitigating circumstances, listed in La.C.Cr.P., Art. 894.1(B), which must be accorded weight in the determination of suspension of sentence. The court found that the defendants did not contemplate that their criminal conduct would cause or threaten serious harm and that they had no prior history of criminal activity. Other factors listed in the article but not found to be in the favor of the defendants were:
(1) That the defendants' criminal conduct caused or threatened serious harm;
(2) That the defendants did not act under strong provocation;
(3) That no substantial ground existed which tended to excuse the conduct of defendants;
(4) That the defendant has not led a law abiding life;
(5) That the criminal consequences were the result of circumstances likely to recur;
(6) That the characters of the defendants indicated that they are likely to commit another crime;
(7) That the defendants are not likely to respond to probationary treatment;
(8) That imprisonment would not entail an excessive hardship on the defendants or dependents.
Inspection of the record reveals no way in which the conduct of the defendants caused or threatened serious harm. Prior to the circumstances that led to their arrest, the defendants had not been involved in any criminal activity. The trial court gave no reasons for concluding that the circumstances that led to the criminal conduct are likely to recur. Judge Ragland concluded that probationary treatment would be ineffective; however, no reason was given for this conclusion other than the opinion of the court that the defendants were likely to commit other crimes while on probation. As noted previously, no stated factual basis for this conclusion appears in the record. And contrary to the court's conclusion on the last mitigating circumstance, imprisonment of the defendants would work severe hardship on the defendants' two children who resided with them.
The trial court is to be congratulated on its detailed attempt to comply with the provisions of Article 894.1. However, it is also obvious to this Court that the sentence actually imposed on both defendants is grossly out of proportion to the crime and its circumstances. It makes no measurable contribution to acceptable goals of punishment, and, hence, is nothing more than purposeless and needless imposition of pain and suffering; thusly it would constitute excessive punishment. Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977). Furthermore, this court has strictly scrutinized lengthy prison terms for first offenders involved in the possession of drugs. State v. Tilly, 400 So.2d 1363 (La. 1981).
One purpose of sentencing is rehabilitation. There is no indication in the present case that the defendant would not profit by a suspended sentence or probation. Both defendants were steadily employed prior to their arrests. Eddye Sue Grey, despite personal adversity, graduated from Southern University with high grades and was a first grade teacher in Lake Providence before her arrest. Charles Grey was steadily employed as a heavy machine operator prior to his arrest.
During the course of the sentencing hearing, Judge Ragland referred to State v. Segers, 355 So.2d 238 (La.1978), another case she had decided. Specifically, she remarked that the sentence given Mr. Grey was "... a lesser sentence than I gave Mr. Segers." However, inspection of the specifics of the case reveals that the sentence given to Segers was not much more severe than that given Mr. Grey. Segers was sentenced *1247 to eight years at hard labor and assessed a $15,000.00 fine. Therefore, the only difference was the amount of the fine $5,000.00. However, the Segers case involved the importation of three thousand pounds of marijuana, flown into Louisiana in the defendant's private airplane. When this Court reviewed the case, it held that the sentence was not excessive in view of the large amount of marijuana involved. The amount of the drug involved in the instant case is infinitesimally smaller. The disparity between the two cases is great.
I therefore concur in part and respectfully dissent in part.
NOTES
[*] Judges James C. Gulotta and Jim Garrison of the Fourth Circuit and Bernard J. Bagert, Sr. of the Orleans Parish Criminal District Court, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Calogero, Marcus and Blanche.
[1] Four officers executed the warrant. A partial lid of marijuana was taken from Charles Grey's back pocket. No marijuana was discovered on Eddye Grey's person. The return on the search warrant lists these items that were seized:

"1. One brown box containing two (2) Marijuana cigarettes (Sherman).
2. One set of weight scales and case.
3. One cloth hand bag containing six (6) brown envelopes of Marijuana.
4. One paper bag containing Marijuana.
5. One plastic baggie containing Marijuana.
6. Three plastic baggies containing Marijuana.
7. One brown box containing aluminum foil containing hashish.
8. One brown bag containing Marijuana and stems.
9. One shopping bag containing Marijuana.
10. One plastic baggie containing Marijuana.
11. One green plastic baggie containing Marijuana.
12. One plastic baggie containing Marijuana.
13. Two brown vials each containing suspected cocaine.
14. One Folgers coffee can containing seven (7) Amphetamine capsules and suspected Marijuana seeds.
15. One brown wooden box containing Marijuana, one white bottle containing fifteen (15) preludin dose units and one tylenol bottle containing two (2) white amphetamine dose units.
16. One glass jar containing Marijuana.
17. One shot gun S.N. P294624 (Stock and barrell (sic) cut off).
18. Three pistols SN numbers V068452, 418670 and Q117562.
[2] R.S. 15:446 states:

"When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged."
[3] Defendants did not raise this objection at the time of sentencing. However, no formal objection at the time of sentencing is necessary to preserve the right of review on this ground. State v. Gist, 369 So.2d 1339 (La.1979); State v. Cox, 369 So.2d 118 (La.1979).