YELVERTON, Judge.
Defendant, Perry Lee Olson, was convicted by a jury of simple arson where the damage amounted to five hundred dollars or more. He was sentenced to ten years at hard labor with the Louisiana Department of Corrections, the sentence to run consecutively with a sentence imposed in Texas. The defendant appeals his sentence and conviction. We affirm the conviction and the sentence.
On February 21, 1985, a fire causing $80,000 worth of damage gutted the building of the Sabine Water Authority in Sabine Parish. At trial Texas Deputy Sheriff Roy Elmore, Texas Ranger Roscoe Davis, and Douglas Marshall with the Louisiana State Fire Marshall’s office testified that a Dennis Ray Sparkman gave them information as to the cause of the fire. Dennis Ray Sparkman testified that on the night of February 21, 1985, after he and the defendant had been at the Army Recreation Center, they drove to the Sabine Water Authority building. He testified that the defendant kicked in one of the windows in the back of the building, reached through the broken window, and set the curtains on fire with a cigarette lighter. Jessie Culber-house, who worked at the Army Recreation Center, also testified for the state. He confirmed that the defendant and Spark-man had been at the Army Recreation Center a little after midnight on February 21, 1985, and that the Army Recreation Center was about three miles from the burned building. On the basis of the above evidence, the jury found the defendant guilty.
Defendant raises five assignments of error. We will discuss them in the order presented by appellant.
ASSIGNMENTS OF ERROR NOS. 1 AND 2:
The assignments that the trial court failed to state for the record the considerations taken into account in sentencing and failed to apply the guidelines set forth in La.C.Cr.P. article 894.1, have no merit.
The record reveals that the trial judge considered all of the guidelines of La.C. Cr.P. article 894.1 and weighed the aggravating and mitigating factors. The trial judge also stated for the record all the considerations taken into account and the factual basis for the sentencing. The trial judge noted, for example, that there was a risk that the defendant would commit another crime, observing that, in fact, after his conviction for the present offense, the defendant was convicted in the State of Texas for murder. The trial judge mentioned each factor of Article 894.1, pointing out that the defendant did not act under strong provocation or justification, that although the defendant had an illegitimate daughter, his period of incarceration would not create severe hardship on dependents, that the incident had caused extensive damage, and that there was only a remote possibility for restitution since the damage was substantial.
ASSIGNMENT OF ERROR NO. 3:
In this assignment of error the defendant alleges that the trial court erred in imposing a sentence which is excessive and amounts to the arbitrary infliction of severe punishment resulting in cruel and unusual punishment. The sentence of ten years at hard labor is within the statutory limits of two to fifteen years at hard labor outlined in La.R.S. 14:52(B). Although a sentence falls within the statutory limits, it may, nevertheless, violate a defendant’s right against excessive punishment. La. Const, art. I § 20. State v. Telsee, 425 So.2d 1251 (La.1983). A punishment is considered constitutionally excessive if it makes no measurable contribution to ac *781 ceptable goals of punishment and is only the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Davis, 449 So.2d 452 (La.1984). The trial judge is afforded wide discretion in the imposition of sentences within statutory limits. The sentence imposed, therefore, should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
The trial court’s consideration of the guidelines of La.C.Cr.P. article 894.1 serve as an aid in determining the appropriateness of the sentence. State v. Allen, 451 So.2d 618 (La.App. 5th Cir.1984). As the trial court’s reasons reveal, defendant had been recently convicted of murder in Texas. The trial judge was impressed by the defendant’s propensity for criminal conduct; he took into account that a lesser sentence would deprecate the seriousness of this crime, and that the damage resulting from the arson was considerable. A ten year sentence at hard labor was not excessive or an abuse of discretion. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 4:
Defendant contends that there was insufficient evidence to support his conviction for arson.
The constitutional standard for testing the sufficiency of evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt.
Defendant regards this as a circumstantial evidence case. It is not, as there was a witness, Sparkman. Ultimately, however, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden. State v. Carmouche (Supreme Court of Louisiana, No. 85-KA-0119, January 12,1987).
The arson here was witnessed by Spark-man. The jury found his testimony credible. That determination of credibility by the triers of fact is given great weight and will not be disturbed unless clearly contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981). Sparkman’s credibility is not contrary to the evidence, for there is no indication that he committed perjury.
There was other evidence linking defendant to the crime. The testimony of Jessie Culberhouse put defendant in the vicinity of the burned building on the night of the fire. The State Fire Marshall testified that the description of how the fire was set as given by the eyewitness, was consistent with his later investigatory findings. Also, it was established by Culberhouse that the defendant and Sparkman were together on the night of the fire.
Defendant points to the testimony of two persons who were the first to arrive at the scene of the fire on the morning after, and who testified that they saw no evidence of broken windows. Sparkman had testified that the defendant kicked in windows and set fire to the drapes through the broken windows. The broken windows were on the back of the building, according to Sparkman, and could not be seen from the road.
We find that a rational fact finder, after viewing all of the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that defendant was guilty of arson. There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 5:
In this assignment of error the defendant alleges that the trial court erred in allowing reference by the state to “other crimes.” He alleges that the reference prejudiced him.
This happened early in the trial while a Texas deputy was explaining his first meeting with Sparkman, the witness. The deputy said that while he was investigating a fight between one Anderson and Olson, Anderson, against whom there were some “possible charges”, informed him that Sparkman desired to relay some informa *782 tion. The defense counsel objected. The deputy clarified that the “possible charges” were being brought against Anderson, not Olson. The trial judge overruled the defendant’s objection and noted that as to Olson the reference was only to an altercation involving him, not to an arrest, charge, or conviction.
Evidence of other crimes cannot be introduced. State v. Brown, 428 So.2d 438 (La. 1983). It goes almost without saying that “other crimes” refers to other crimes of the defendant, not other crimes of somebody else.
The clear implication of the deputy’s explanatory remarks was that there was a fight between Anderson and Olson but that it was Anderson, if anyone, not Olson, who was criminally responsible. This is not evidence of “other crimes”, and the assignment has no merit.
The conviction and sentence are affirmed.
AFFIRMED.