PER CURIAM.
The defendant, Katherine A. Stamper, age 29, was originally charged by bill of information with four counts of distribution of marijuana and one count of distribution of methamphetamine. The defendant pled guilty to the single count of distribution of methamphetamine and was sentenced to three years at hard labor.
The defendant has appealed claiming that the sentence imposed is excessive. In particular, the defendant claims that the trial court placed inadequate weight on the defendant’s religious conversion as a mitigating factor, and allowed his experiences with other “converted” defendants to taint his view of the change in the defendant’s life. Finding no abuse of discretion in the trial court’s imposition of this three year hard labor sentence for distribution of methamphetamine, we affirm.
A sentence is constitutionally excessive in violation of LSA-Const. Art. 1, § 20 (1974) if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied 438 So.2d 1112 (La.1983).
The trial court’s remarks concerning the defendant’s conversion and the trial court’s previous experiences with such “conversions” do not render the sentence excessive. All involved in the criminal justice process are aware of the large number of religious “conversions” which occur when criminal defendants are incarcerated and are facing serious charges. Determining the validity of a religious conversion is often beyond the power of courts and judges.
In the instant case, the comments of the trial judge in this regard were not made in a manner deprecating the defendant’s alleged religious conversion. The remarks were made in the context of attempting to evaluate this particular defendant’s circumstances. In the final analysis, the trial court seems to have considered the conversion as a mitigating factor, although a minor one.
The trial court also considered other mitigating factors but determined that the instant offending conduct, when considered in the light of the defendant’s history with drugs, indicated that the defendant was not likely to respond to probationary treatment and that the offense was likely to reoccur.
Indeed, on five separate occasions over a period of approximately one month the defendant sold methamphetamine and marijuana to undercover officers for a total sum of over $500. The first sale was of over eight ounces of marijuana for $300. The circumstances indicate that the defendant routinely dealt in dangerous drugs for profit.
The defendant’s citation of State v. Grey, 408 So.2d 1239 (La 1982), in support of her claim of excessiveness is of no assistance. In that case, an eight year sentence for possession of marijuana was reversed as excessive. The Supreme Court found an excessive hardship would be worked on the defendant’s wife and three stepchildren as a result of the sentence. No “excessive hardship” factor can be found in the instant case.
We find that the trial court adequately complied with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 in sentencing the defendant. The sentence imposed is within the “much discretion” granted trial courts in sentencing. Finding no abuse of discretion in the imposition of this three year hard labor sentence, we affirm.
AFFIRMED.