529 So.2d 142 (1988)
STATE of Louisiana
v.
Domino JOHNSON.
No. KA 8742.
Court of Appeal of Louisiana, Fourth Circuit.
July 12, 1988.
*143 Harry F. Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for plaintiff.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Before GULOTTA, C.J., and GARRISON and PLOTKIN, JJ.
PLOTKIN, Judge.
Defendant, Domino Johnson, appeals his conviction for possession of cocaine with intent to distribute in violation of LSA-R.S. 40:967. We affirm.
Facts
Based on information that a "black male in his 30's with a pronounced burn scar or some sort of disfigurement" on his face was engaging in drug sales, New Orleans Police Department detectives conducted surveillances in the 2200 block of Dauphine Street in March of 1986. On several occasions during the surveillances, they observed people entering the alleyway between 2227 and 2229 Dauphine, then exit shortly thereafter. Police officers stopped several of these individuals, seized contraband and arrested them for possession of cocaine.
At approximately 9 p.m. on March 22, 1986, during one these surveillances, the officers were approached by a "concerned citizen," who offered to make a cocaine purchase on behalf of the police department because he wanted to help clean up his neighborhood. This unknown "confidential informant" (CI) was frisked and thoroughly patted down. All of his personal effects were removed and he was given $25 in police department funds. The bills were initialled and the serial numbers were recorded.
One of the police officers accompanied the CI down the alleyway, then observed as he ascended the stairs to the upper rear apartment of the building identified on the front as 2229 Dauphine Street. Although the officer was unable to observe what actually happened at the top of the stairs, he testified that he could hear indiscernible conversation. The CI and the police officer then returned to the car, where a second search of the CI revealed a plastic packet of white powder, later identified as cocaine.
The investigating officers obtained a search warrant, which was executed approximately 1 a.m. They forced entry into the apartment after receiving no response to their knocks and requests for admittance made after they identified themselves as police officers. The defendant, who was in the apartment with his girlfriend, was presented with the search warrant and his rights were read. The defendant stated that he had no weapons or contraband which he wished to declare, but admitted that everything in the apartment belonged to him. A search revealed ten packets of cocaine similar to the one purchased by the CItwo floating in the bowl of the toilet and eight in the tank of the toilet. The officers also discovered marijuana during the search. The defendant was arrested, and $790, including the $20 bill the officers had given the CI, was recovered from his person. The $5 bill was not retrieved.
The defendant pled not guilty to possession with intent to distribute cocaine on April 25, 1986 and his motion to suppress *144 the evidence was denied May 2, 1986. He was found guilty as charged by a jury on May 20, 1986.
On appeal, the defendant make the following assignments of error:
1. The trial court erred in failing to order the State to disclose the name of the confidential informant, or, in the alternative, in failing to prohibit any testimony regarding the informant.
2. The trial court erred in admitting evidence of other crimes at the trial of the defendant.
3. The State failed to prove beyond a reasonable doubt that the defendant had the intent to distribute cocaine.
Failure to Disclose the CI's Name
Citing Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the defendant asserts that he is entitled to know the identity of the CI because the informant was the sole participant other than himself in the charged transaction and because the CI is the only person in a position to amplify or contradict the testimony of the government witnesses. The defendant further contends that the government has been required to disclose the identity of an informant when the informant's actions and communications are used to establish probable cause to search, unless there is sufficient evidence, absence the informant's role, to establish probable cause, or unless there was sufficient indicia of his reliability based on past experience with the officers, relying on State v. Diliberto, 362 So.2d 566 (La.1978).
The defendant's arguments fail for a number of reasons. First, as discussed below, the CI in the instant case was not the sole participant other than the defendant in the charged transaction. Since defendant was not charged with distribution of cocaine, but only with possession with intent to distribute, the transaction with the CI was not the basis of the charged offense.
More importantly, defendant is not entitled to disclosure of the CI's identity because although the search warrant was based on the transaction with the informant, the validity of the warrant was not dependent on the informant's credibility. State v. Grey, 408 So.2d 1239, 1242 (La. 1982). The facts in the instant case are virtually identical to the facts in Grey, where the CI performed a controlled buy on behalf of the police department which became the basis of a warrant to search the defendant's house for marijuana. Id. Like Johnson, the Grey defendants sought inquiry into the character of the police informant. The Louisiana Supreme Court stated that the trial court's refusal to allow such inquiry was not reversible error because the police officers' own observations supported the warrant and because an independent magistrate could determine that the informant was credible and that his information was reliable on the basis of the events observed by the officers. Id. at 1242-43. Therefore, this assignment of error has no merit.
Use of Other Crimes Evidence
The defendant next asserts that his conviction should be reversed because admission of the testimony concerning the possession of cocaine arrests of the persons going into and coming out of the alley during the surveillances violates the standards for admission of other-crimes evidence established in State v. Prieur, 277 So.2d 126 (La.1973). Additionally, he argues that the Prieur doctrine requires that the prosecution advise him of its intention to introduce such evidence.
The defendant's argument is again misguided. Prieur, supra, restricts the admissibility of other crimes committed by the defendant and requires the State to give pre-trial notice of any evidence of such other crimes which it intends to present at the trial on the merits. The doctrine has no application to crimes committed by third parties. State v. Olson, 503 So.2d 779, 782 (La.App. 3d Cir.1987); writ denied, 508 So.2d 85 (La.1987). Since the State made no attempts to prove that the defendant participated in or was involved with the prior drug transactions, the Prieur restrictions do not apply. The evidence of the suspected drug transactions and the subsequent arrests merely goes to support the *145 officers' suspicions that the defendant intended to distribute the cocaine found in his possession at the time of the arrest. Hence, this assignment of error has no merit.
Sufficiency of the Evidence
In reviewing the sufficiency of the evidence, an appellate court must determine whether a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the defendant guilty of the charged offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979); State v. Dauzart, 461 So.2d 382, 384 (La.App. 4th Cir.1984). Further, when some, or all, of the evidence is circumstantial, LSA-R.S. 15:438 provides that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." This is not a separate test, but rather an evidentiary guideline and a component of the Jackson reasonable doubt standard. State v. Nealy, 450 So.2d 634, 637 (La.1984), called into doubt, State v. Mitchell, 459 So.2d 91 (La. App. 2d Cir.1984).
The elements of possession of cocaine with intent to distribute, as found in LSA-R.S. 40:967(A)(1), are (1) proof that the defendant knowingly or intentionally possessed cocaine, (2) with the intent to distribute. State v. Fernandez, 489 So.2d 345, 347 (La.App.1986); writ denied, 493 So.2d 1215 (La.1986). Although the defendant stipulated to possession of the cocaine, he argues that the State failed to prove intention to distribute. However, under Louisiana law, intent to distribute controlled dangerous substances can be inferred from the circumstances of the transaction. LSA-R.S. 15:445; State v. Trahan, 425 So.2d 1222, 1225 (La.1983). In the instant case, the CI was patted down thoroughly before being given $25 with which to purchase cocaine from someone dealing in a suspect alley. The CI, accompanied by a police officer, went to the defendant's apartment and returned with a packet of cocaine. When the defendant's apartment was searched pursuant to the warrant, he stated that everything in the apartment belonged to him. Ten bags of cocaine, packaged for street sales, were seized in the search. Additionally, the defendant possessed some of the marked money given to the CI for the purchase by the police. The circumstances of the case are sufficient to prove intent to distribute. This court finds that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the defendant guilty of possession of cocaine with intent to distribute beyond a reasonable doubt. Jackson, supra. Therefore, the defendant's final assignment of error lacks merit.
Conclusion
For the above and foregoing reasons, the defendant's conviction is affirmed.
AFFIRMED.