BECKER, Judge.
We grant certiorari to review the ruling of the trial court in denying relator’s application for post conviction relief.
Relator was convicted of possession of cocaine with the intent to distribute and after pleading guilty to a multiple bill was sentenced to twelve years at hard labor. This Court affirmed on appeal. State v. Johnson, 529 So.2d 142 (La.App. 4th Cir. 1988).
Relator now seeks review of the trial court’s ruling denying his application for post conviction relief wherein he raised three claims: (1) the conviction was obtained by illegally seized evidence; (2) he was denied effective assistance of counsel; (3) the sentence on the multiple bill was illegal.
In March of 1986, Officers Frank Wicks and Michael Glasser conducted two surveil-lances of an alley between 2227 and 2229 Dauphine Street. Two males entered the alley; shortly thereafter they exited, got into a car and proceeded to drive off. The police officers stopped the vehicle, seized contraband, and arrested the two men for possession of cocaine. Another arrest occurred following a similar scenario.
During another, surveillance conducted on March 22, 1986, the officers were approached by a “concerned citizen” who offered to purchase cocaine for the officers. This unknown confidential informant (“Cl”) told the police that he wanted to help clean up his neighborhood. The Cl was frisked and thoroughly patted down before being given twenty-five dollars for the purchase. One of the police officers recorded the serial numbers of the bills given to the Cl. *887 After the Cl made a purchase the officers and the Cl returned to the car where the Cl turned over a plastic packet of white powdery substance later found to contain cocaine. Thereafter a search warrant was obtained for 2229 Dauphine Street, although the actual apartment searched was at 2231 Dauphine Street.[1] During the search, Domino Johnson, and his girlfriend were found in the bedroom and two bags of marijuana were seized from behind a television set. Two bags of cocaine were found floating in the toilet bowl, and eight bags of cocaine were found in the toilet tank. The defendant was arrested, and $790.00 in cash was recovered. Of this money, one twenty dollar bill matched the one given to the Cl by the officers.
Relator’s first claim, that the evidence against him was seized as the result of an illegal search, revolves around two points: that the officers made misrepresentations in the affidavit for the search warrant and that they intentionally omitted information from the affidavit. The trial court denied this claim by finding, as it had at the original motion to suppress hearing, that an error in the residence address was inadvertent as the apartment was otherwise sufficiently described, and that the officers knew which actual apartment was to be searched since the officers were both the surveilling and executing officers. Relator argues in his writ application however, that the residence description is not at issue, but what is at issue is the additional facts testified to at trial, which were not brought out at the motion to suppress hearing.
C.Cr.P. article 162 provides that a search warrant may be issued “only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for the issuance of the warrant.” Probable cause exists when “the facts and circumstances within the affiant’s knowledge, and those of which he has reasonable trustworthy information, are sufficient to support a reasonable belief that evidence or contraband may be found at the place to be searched.” State v. Duncan, 420 So.2d 1105 (La.1982); State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir.1988), writ den. 531 So.2d 764 (1988). Further the facts which form the basis for probable cause to issue a search warrant must be contained “within the four corners” of the affidavit. Duncan, supra; Roebuck, supra.
In its review of a magistrate’s finding of probable cause, the reviewing court must determine whether the “totality of circumstances” set forth in the affidavit is sufficient to allow the magistrate:
to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the “veracity” and “basis of knowledge” of persons supplying hearsay information, there is a reasonable probability that contraband ... will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a “substantial basis for ... concluding] that probable cause existed.” Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317 [76 L.Ed.2d 527] (1983).
In the instant case, the affidavit presented to the magistrate recounted a recent controlled purchase of narcotics from the residence to be searched. Certain aspects of the buy, such as the location of the residence, were confirmed by the officers. Therefore, the facts as recounted in the affidavit were sufficient for the magistrate to find probable cause for the issuance of the warrant.
The only other issue with regard to the seized evidence, is whether the testimony at trial revealed misrepresentations and omissions in the warrant which would invalidate the warrant.
The relator’s allegations regarding misrepresentations and omissions hinge on the fact that the officers did not recite their previous surveillances of the defendant’s residence. The relator’s argument appears *888 to be that because the officers did not inform the magistrate that they were already investigating the residence for drug trafficking, the information regarding their meeting with the informant, who is described as a “concerned citizen”, and the information he provided, is not accurate.
Even if relator’s implication is correct, it does not invalidate the warrant. The sur-veillances conducted by the officers, which were not included in the affidavit, did not provide enough specific information regarding which apartment was involved in the drug trafficking. The officers made this fact plain in their trial testimony. The controlled buy, partially witnessed by Officer Turner, allowed the officers to pinpoint the location of the trafficking. The prior surveillances if included in the application for the warrant would have increased a finding of probable cause. The lack of that information does not eliminate or lessen the probable cause contained within the “four corners” of the affidavit.
Relator also attacks the search warrant affidavit by alleging that the circumstances surrounding the controlled buy were not “controlled” enough. He does so by use of the trial testimony wherein his defense counsel diligently attempted to show that the informant could have concealed the cocaine on his person prior to making the buy.
However, it was the sworn statements of the affiants that they searched the informant and provided him with the marked money, coupled with their statements that the informant was simply a “concerned citizen” who agreed to assist them, which establishes probable cause. The magistrate and the reviewing court can rely on the creditability of the affiants. Therefore, relator’s first claim is without merit.
Relator’s second claim is that he was denied the effective assistance of counsel because counsel did not conduct his own independent investigation and interview the potential witnesses to determine the relevant facts and circumstances of the case, that trial counsel was not prepared, and that appeal counsel did not raise the issue of the invalidity of the warrant.
The relator’s claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The relator must show that counsel’s performance was deficient and that the deficiency prejudiced the relator. Counsel’s performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Counsel’s deficient performance will have prejudiced the relator if he shows that the errors were so serious as to deprive him of a fair trial. Strickland, supra. The relator must make both showings in order to prove that counsel was so ineffective as to require reversal.
The first portion of relator’s claim focuses on his allegations that counsel did not discover the “misrepresentations” in the search warrant affidavit and failed to interview or call the other police officers as witnesses. As previously discussed these “misrepresentations” would not have invalidated the search warrant and therefore counsel’s failure to bring forth these “misrepresentations” did not prejudice him. Further, relator reurges as an ineffective counsel claim the discrepancy in the municipal address on the search warrant. Relator appears to argue that counsel could have been successful in an attack of this type. However, there was extensive testimony in regard to this discrepancy and therefore, clearly counsel did investigate and raise this issue.
As to relator’s claim regarding appellate counsel’s failure to assign the ruling on the motion to suppress as error, there is no prejudice because there was no reversible error.
The remaining portion of relator’s claim is that the trial counsel was not prepared. The trial court denied this portion of relator’s ineffective assistance of counsel claim by stating that a review of the record revealed that the “attorney’s per *889 formances were not deficient.” A review of the entire record supports the trial court’s finding. Trial counsel was well-prepared in his cross-examination, which included vigorous attacks on the facts of the “controlled buy”. Counsel entered appropriate objections and motions, which were later urged on appeal by appellate counsel. This claim also has no merit.
Relator’s third claim is an attack on the multiple offender sentence. His argument appears to be that the sentence under the multiple bill is invalid because the instant offense is not valid. Since we have already disposed of this contention in his first claim we move to the second contention that the predicate conviction was not constitutionally obtained.
The trial court denied this claim, stating that an attack on the predicate conviction must be made in the court where it occurred. The trial court’s ruling is correct. The relator entered a guilty plea to the multiple offender bill of information, thus waiving any right to attack the sufficiency of the State’s evidence. State v. Merschal, 499 So.2d 360 (La.App. 4th Cir.1986). The proper procedure to attack the predicate conviction is to petition the court where the guilty plea was entered. State ex rel Martin v. State, 462 So.2d 637 (La.1985).
Accordingly, relator’s third claim is also without merit.
WRIT OF CERTIORARI GRANTED, JUDGMENT AFFIRMED.

. The testimony indicated that the officers knew which residence was involved; however, due to poor lighting in the area they thought that the municipal address was 2229 Dauphine.