968 So.2d 720 (2007)
STATE of Louisiana
v.
Carvis KNIGHTEN.
No. 2007-KK-1061.
Supreme Court of Louisiana.
November 16, 2007.
PER CURIAM.
Granted. The trial court erred in ruling that at defendant's forthcoming trial for *721 possession of marijuana with intent to distribute in violation of La. R.S. 40:966(A)(1), the state may not present evidence of a controlled buy made by a confidential informant at defendant's home on April 7, 2002, three days before the police executed a search warrant for the residence and seized the contraband drugs.
This Court "has recognized that evidence of other drug sales is of great probative value in establishing intent to distribute when it is an essential element of the crime charged." State v. Grey, 408 So.2d 1239, 1242 (La.1982). In the present case, given the nearness in time and place to the charged offense, the prior transaction has particular independent relevance to the question of whether defendant possessed the marijuana on April 10, 2002 with the specific intent to distribute. The probative value of the prior sale remains undiminished by evidence that the same informant conducted a second controlled buy under similar circumstances immediately before execution of the search warrant for defendant's residence. See Grey, 408 So.2d at 1242 (evidence of a drug sale to a confidential informant three weeks before defendants' arrests and of other sales to the same informant made within three months of the execution of a search warrant for defendants' home had "great probative value in establishing intent to distribute when it is an essential element of the crime charged . . . the highly probative value of other crimes evidence outweigh[ed] the prejudicial effect to defendants. . . ."); State v. Medlock, 297 So.2d 190, 193 (La.1974)("The very relevant evidence of the other [prior drug sales to an undercover agent] was of great probative value in establishing the essential ingredient of the crime-intent to distribute")(footnote omitted); see also State v. Feeback, 414 So.2d 1229, 1233 (La.1982)(state properly charged four counts of distribution and one count of possession with intent to distribute in a single bill of information because "[e]vidence concerning the prior distributions would have been admissible to prove intent to distribute the marijuana.").
The ruling of the trial court is therefore reversed. The evidence of the controlled buy made by the confidential informant at defendant's home on April 7, 2002, is hereby admissible. This case is remanded for further proceedings consistent with the views expressed herein.