PER CURIAM.
 

 |, Granted in part. In a prosecution for possession of contraband drugs with intent to distribute, evidence of prior acts of distribution is admissible on the question of specific intent.
 
 See, e.g., State v. Knighten,
 
 07-1061, p. 2 (La.11/16/07), 968 So.2d 720, 721(“This Court ‘has recognized that evidence of other drug sales is of great probative value in establishing intent to distribute when it is an essential element
 
 *268
 
 of the crime charged.’ ”)(quoting
 
 State v. Grey,
 
 408 So.2d 1239, 1242 (La.1982)). Evidence that during his arrest on March 29, 2007, for possession of crack cocaine with intent to distribute, defendant stated that he had been dealing drugs for three months to repair his residence at 2125 Allen Street in New Orleans, is relevant to the question of whether he possessed 13 rocks of crack cocaine on April 28, 2009, in front of his house on Allen Street, with the intent to distribute. That a jury acquitted defendant of the prior crime does not preclude the state from introducing the incident as other crimes evidence in the trial of another offense under a lesser eviden-tiary standard than proof beyond a reasonable doubt.
 
 See Dowling v. United States,
 
 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990);
 
 State v. Cotton,
 
 00-0850 (La.1/29/01), 778 So.2d 569. In all other respects, the application is denied.
 

 JOHNSON, J., would deny.
 

 WEIMER, J., would grant and docket.