WICKER, J. 11 Defendant, Cody R. Brown; appeals his convictions and sentences for one count of possession' with the intent to distribute heroin in violation of La. R.S. § 40:966(A) and a second count of possession with the intent to distribute cocaine in violation of La. R.S. § 40:967(A), complaining that the trial court erred in admitting evidence of other crimes during trial and in adjudicating him as a second felony offender during a multiple bill proceeding. For the following reasons, we affirm. Procedural History On December 5,2014, the Jefferson Parish District Attorney filed a bill of information charging defendant with one count of possession of heroin with the intent to distribute in violation of ‘ La; R.S. § 40:966(A) and a second count of possession of cocaine with the intent to distribute in violation of La. R.S. § 40:967(A).[1] Defendant was arraigned on February 19, 2015, and pled not guilty. On February 29, 2015, defendant filed a motion to suppress both a post-arrest statement he made to the police and evidence seized from a cell phone found in his possession at the time of his arrest. On August 28, 2015, the State filed a. notice of intent to use evidence of other crimes. Specifically, the State gave notice of its intent to introduce pictures of large amounts of money and multiple videos showing defendant utilizing plastic baggies and a digital scale to package a substance that the State alleged appeared to be heroin which had been downloaded from a cell phone found in defendant’s possession at the time of his arrest.[2] On September 1, 2015, prior to opening statements, the court heard | ^defendant’s motions to suppress as well as the State’s motion to introduce evidence of other crimes pursuant to La. C.E. art. 404(B), During the 404(B) “Prieur[3]” hearing, the State informed the trial judge that the Kenner Police Department obtained a search warrant to search one of four cell phones found in defendant’s possession at the time of his arrest Upon searching the phone, the State found pictures of a large amount of money, a picture of a gun with money, and a video of defendant packaging what appeared to be heroin. Thereafter, Detective David Schlueter, formerly of the Kenner Police Department, testified that upon searching defendant post-arrest, he seized four cell phones from defendant’s person. Thereafter, one of the four seized cell phones rang constantly and received messages. None of the other three cell phones was turned on. Detective Schlueter obtained a search, warrant’ to search the contents of the ringing phone, an AT & T Samsung Galaxy S4 model, SGH1-I7337, white in color; Upon downloading the phone’s contents, 'the State seized photographs, videos and text messages from the cellphone. In support of its motion, the State argued that the evidence seized from the cell phone was probative of defendant’s intent to distribute heroin arid cocaine. The defense countered that the evidence was highly prejudicial and, as there was no evidence that the white powder portrayed in the pictures was actually heroin, the evidence lacked probative value and would tend to confuse the jury, which might convict the defendant based upon the extraneous cell phone evidence alone. At the conclusion of the hearings, the trial court denied defendant’s motion to suppress the cell phone evidence and defendant’s statement, finding the cell phone evidence was admissible as it was seized pursuant to a valid search warrant and that defendant had been properly notified of his Miranda rights Isbefore making a statement to police. The court granted the State’s 404(B) motion to admit evidence of other crimes. Thereafter, the matter was tried before a twelve-person jury, which found the defendant guilty on both counts.[4] Three days later, on September 4, 2015, the defendant filed a motion for post-verdict judgment of acquittal and a motion for new trial. The trial court denied both motions on September 4, 2015. Defendant waived sentencing delays, and the court sentenced him to thirty years imprisonment on each count to be served concurrently. As.to count one, the heroin charge, defendant was ordered to serve ten years without the benefit of probation, parole or suspension of sentence. As to count two, the cocaine charge, defendant was ordered to serve two years without the benefit of probation, parole or. suspension of sentence. On September 18, 2015, the Jefferson Parish District Attorney’s- office filed a multiple offender bill of information against defendant alleging defendant had previously pled guilty to manslaughter in St. Charles Parish on August 22, 2001. Defendant returned to court on October 27, 2015 as a pro se litigant to file an “Amendment/Supplemental to Motion for New Trial.” On November 10, 2015, the trial court denied this motion for lack.of jurisdiction pursuant to La. C.Cr.P. art. 916, as the court had already granted defendant’s motion for appeal on September 17, 2015. Defendant’s trial counsel filed a motion to withdraw on November 19, 2015, which was granted on December 2,’ 2015. On December 9, 2015, the Louisiana Appellate Project was appointed as defendant’s appellate counsel. On February 25, 2016, the trial court held defendant’s habitual offender hearing and found defendant to be a second felony offender. On February 29, |42016, the trial court vacated defendant’s original sentence as to count one for the heroin conviction, and resentenced defendant as to that count to fifty years imprisonment at hard labor without the benefit of probation, parole or suspension of sentence in accordance with La. R.S. 15:529.1, to be served concurrently with the original sentence for count two, the cocaine conviction. At the conclusion of the hearing, defendant made an oral motion for appeal,, and the court granted the motion. On April 4, 2016, defendant filed his first appeal to this Court. On October 26, 2016, this Court remanded the case to the district court without addressing the errors assigned in order for the district court to rule on defendant’s original and supplemental motions for new trial pending as the trial court lacked jurisdiction over defendant after granting his motion for appeal. This Court also, reserved defendant’s right to appeal his convictions and sentences in a second appeal. On April 6,2017, defendant’s post-trial motions were denied. Defendant filed a second motion for appeal on April 12,’ 2017, which the trial court granted. Defendant filed a second motion to, reconsider sentence, which the trial court denied on: May 18, 2017. Facts Trial This cáse arises from an arrest which occurred on the afternoon of December 5, 2014. That afternoon defendant was a passenger in a car driven by Shawn Brous-sard which Kenner Police stopped for excessive window tint.' The Kenner Police Department ran a criminal history inquiry on defendant which revealed an outstanding attachment for defendant’s arrest in Orleans Parish'. The' Kenner Police Department arrested defendant on the Orleans Parish attachment. After defendant was transported to the Kenner Police Department, he was ' found to be in | ¡¡possession of distributable amounts of heroin and cocaine along with marijuana. During thé September 1, 2015 trial, the State called Detectives David Schlueter and Kevin Treigle, Officer Francisco Al-varenga, Computer Forensics Examiner Edward Rohde; and Forensic Drug Analyst Brian Schulz as witnesses. Narcotics Detectives Kevin Treigle and David Schlueter of the Kenner Police Department testified that on December 5, 2014 they were on a proactive patrol in an area with high criminal drug activity. Detective Treigle explained that he had been a member of the Federal Drug Enforcement Administration High Intensity Drug Trafficking Area Task Force since 2010 and as such he is commissioned by the Drug Enforcement Administration to make federal drug arrests. Former Detective Schlueter had been a Narcotics Detective for the Kenner Police Department between 2010 and April of 2015. Detective Schlueter testified that during his time with Kenner Police, he conducted regular drug patrols, and made many drug related arrests. While on patrol on December 5, 2014, Detectives Treigle and Schlueter noticed a Nissan Altima with a windshield tint exceeding the legal maximum of six inches. At trial, Detective Treigle testified that he stopped the car and approached the driver, Shawn Broussard, and informed him that he was being pulled over for excessive window tint. Detective Treigle testified that as he was speaking to Broussard, he noticed Broussard was nervous. Therefore, Detective Treigle scanned the interior of the car and observed two bottles of Manni-tol in a brown paper bag on the backseat. The presence of Mannitol roused Detective Treigle’s suspicion as Mannitol itself is not illegal, but is frequently used as a cutting agent added to cocaine or heroin to increase the drug’s volume and profit margin. | ^Detective Schlueter testified that as Detective Treigle pulled behind Brous-sard’s, car, activated the emergency lights and sirens, and pulled the vehicle over, he observed the front seat passenger—the defendant—“moving frantically in his seat like as if he was trying to either reach for something, conceal something.” Detective Schlueter exited the car and approached the vehicle from the passenger side. The passenger identified himself to detective Schlueter as Cody Brown. During their exchange, Detective Schlueter testified that defendant was extremely nervous, did not make eye contact with him, and his pulse was visible on his neck. After their exchange, Detective Schlueter returned to the patrol car, and contacted Kenner Police Headquarters to run a criminal history inquiry on Cody Brown. The inquiry revealed defendant had an open attachment in Orleans Parish. Detective Schlueter testified he returned to Broussard’s car, placed defendant’s hands in handcuffs, advised defendant of his rights and arrested defendant. Detective Schlueter testified he notified Detective Treigle of defendant’s outstanding attachment, and Detective Treigle told Detective Schlueter about the Mannitol in the backseat. Detective Schlueter testified that after he advised defendant of his rights, he asked about the Mannitol in the back seat. Defendant responded to Detective Schlueter that he had purchased the Mannitol at a music store in Kenner. After the arrest, Detective Schlueter testified he conducted a post-arrest search of defendant’s pockets, waistband, arms and legs to find firearms or contraband. Pursuant his search of defendant, Detective Schlueter found $1211.00 and four cell phones. Detective Schlueter testified that using multiple phones is a common tactic among drug traffickers as it aids in evading the police’s attempts to pinpoint their location. After the search, Detective Schlueter contacted the Kenner Police Department for a patrol unit to transport defendant to the Kenner Police 1 .^Department. After defendant was transported to the Kenner Police Department, Detective Schlueter testified he issued Broussard a citation for the illegal window tint. Officer Francisco Alvarenga testified that he transported defendant to the Ken-ner Police Department. When Officer Al-varenga arrived on the scene, defendant was already in handcuffs. Officer Alvaren-ga testified that upon arrival at the Ken-ner lock-up, as he opened the door to let defendant out of the patrol car, he noticed a plastic bag protruding from defendant’s clenched hands. Officer Alvarenga asked defendant to drop the bag, and defendant complied. Officer Alvarenga testified that the plastic bag contained three additional plastic bags. At that point, Officer Alvaren-ga contacted Detectives Treigle and Schlueter regarding defendant’s suspected narcotics possession. Detectives Schlueter and Treigle returned to the Kenner Police Department. Upon arrival, Schlueter testified Officer Alvarenga gave him a plastic bag containing three plastic bags, the contents Detective Schlueter believed were consistent with the physical characteristics of heroin, cocaine, and marijuana. Detective Schlueter performed a field test on the contents of the bags, and one powder tested positive for the presence of heroin, one powder tested positive for the presence of cocaine, and the green vegetable matter tested positive as marijuana. Brian Schulz, a Jefferson Parish Crime Lab forensic drug analyst testified without objection as an expert in drug identification. Mr. Schulz testified that he tested the material contained in the three bags seized from defendant. The evidence recovered from defendant consisted of 6 grams of heroin, 12 grams of cocaine and 2 grams of marijuana. | ^Detective Schlueter testified that 6.2 grams of heroin would equal approximately 62 street dosage units and would be worth about $1200.00. He further testified that 11.2 grams of cocaine would also be worth about $1200.00 after distribution. Detective Treigle testified that in his experience, the quantity of heroin and cocaine seized from defendant exceeds the amount retained for personal use and is of an amount consistent with distribution. Upon his arrival at the Kenner Police Department, as he was writing defendant’s arrest report, Detective Schlueter noticed one of defendant’s four cell phones—a Samsung Galaxy S4—was “continually ringing, ringing, ringing, receiving some text messages ...” Detective Schlueter testified he believed the constant ringing was consistent with drug trafficking. Therefore, he prepared and executed an affidavit for a search warrant for a search of that cell phone. The warrant was signed by a Criminal Commissioner at the Twenty-Fourth District Court. Sergeant Edward Rohde, a computer forensics examiner, executed the search warrant on the Samsung Galaxy S4. Rohde testified that he performed a “cellphone dump” on the phone, which downloads all the data—including call, histories, photos, videos and text messages—from the phone and loads them onto a CD, and delivered the CD to the detectives. At trial, the State presented text messages, photos and videos that Detective Schlueter testified were consistent with the distribution of drugs. The State admitted three photographs depicting large amounts of money and firearms and two videos—one depicting a large amount of money floating in a bathtub full of water and the second showing defendant weighing and .packaging a brown powdered substance. The State also presented text messages from defendant’s phone time stamped from about an hour before his arrest. In one exchange the 19caller asked whether defendant was “going to have the dark stuff?” Detective Schlueter testified “dark stuff’ is language used to describe heroin. . Multiple Bill Hearing At the February 25, 2016 multiple bill hearing, the State called Joel O’Lear of the Jefferson Parish Crime Laboratory to testify without objection as an expert in latent fingerprint identification and comparison. O’Lear testified that before the multiple bill hearing, he took defendant’s fingerprints and compared those prints to fingerprints affixed to defendant’s September 15, 2000 St. Charles Parish indictment in case 00-0461 which resulted in defendant’s August 22, 2001 St. Charles Parish conviction; In the St. Charles Parish case, defendant was indicted along with co-defendants John Armstrong and Dominic C. Cooper. O’Lear testified the fingerprints he had just obtained from defendant before , the multiple bill hearing matched the prints contained on the St. Charles Parish indictment. However, the fingerprints affixed to the St. Charles Parish indictment are affixed above a certification that the prints belonged to “John Armstrong.” The indictment also listed the three defendants in that case—defendant, John Armstrong and Dominick Cooper—all of whom were charged with second degree murder. O’Lear testified that John Armstrong was a co-defendant in St. Charles Parish case 00-0461, and regardless of the name which appears on the St. Charles Parish indictment fingerprint certification, the fingerprints belong to defendant. At the hearing, the State also introduced the St. Charles Parish indictment in case 00-0461, State of Louisiana versus John Armstrong, Cody Brown, and Dominic Cooper, thé' waiver of constitutional rights form signed in that case by Cody Brown, his attorney, the district attorney, and the judge on Áugust 22, 2001, at the time of guilty plea and sentence, the St. Charles Parish commitment entitled “Guilty Plea and Sentence” in case 00-0461 and dated August 22, 2001, and the St. | ^Charles Parish minute entry in case 00-0461, which reflected that on August 22, 2001, Cody Brown pled guilty to the amended charge of manslaughter and was sentenced to eight years at hard labor. All of the St. Charles Parish documents in case 00-0461 named defendant and all the documents matched the docket number listed in the indictment. The guilty plea and waiver of constitutional rights form reflect that defendant was represented by counsel during his plea. In the plea, defendant waived his right to trial by jury, right to representation by counsel, right .to confront, witnesses, and right against self-incrimination. Discussion In defendant’s first counseled and pro se assignment of error, defendant argues the trial court erred in admitting evidence of other crimés in the form of photographs, videos and text messagés allegedly obtained from the Samsung Galaxy S4—the phone seized from defendant at his arrest. Defendant maintains the videos and photographs—which show drugs, money and firearms—are prejudicial and irrelevant to the crimes of possession of heroin and cocaine with -the intent to distribute. In defendant’s second counseled and pro se assignment of error, defendant argues the ■trial court erred in finding him to be a second felony offender. Assignment of Error One The prior bad acts evidence admitted at trial pursuant to La. C.E. art. 404(B) con-« sisted of three photographs, two videos and a séries of text messages. The State contends the cell phone evidence was properly admitted pursuant to La, C.E. art. 404(B)(1), as the prior bad acts evidence is independently relevant to prove defendant’s knowledge and lack of mistake, and to prove intent to distribute heroin and cocaine. In At the trial of a criminal case, evidence of other crimes, wrongs, or acts is admissible for certain purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that, upon request by the accused, the prosecution provides reasonable notice in advance of trial, of the nature of the evidence. La. C.E. art. 404(B). As a general rule, a court may not admit evidence of past crimes to prove defendant possesses bad character, and acted in conformity with that character. State v. Maize, 16-575 (La. App. 5 Cir. 6/15/17), 223 So.3d 633, 648 (citing State v. Napoleon, 12-749 (La. App. 5 Cir. 5/16/13), 119 So.3d 238, 242); State v. Joseph, 16-349 (La. App. 5 Cir. 12/14/16), 208 So.3d 1036, 1046 (citing State v. Prieur, 277 So.2d 126, 128 (La. 1973)); State v. Greenup, 12-881 (La. App. 5 Cir. 8/27/13), 123 So.3d 768, 772, writ denied, 13-2300 (La. 3/21/14), 135 So.3d 617 (citing State v. Williams, 09-48 (La. App. 5 Cir. 10/27/09), 28 So.3d 357, 363, unit denied, 09-2565 (La. 5/7/10), 34 So.3d 860). While the State may not admit evidence of other crimes to prove defendant is a person of bad character, evidence of prior crimes may be admitted if the State establishes an independent relevance aside from providing defendant’s criminal character. State v. Taylor, 16-1124 (La. 12/1/16), 217 So.3d 283, 292 (citing La. C.E. art. 404(B)(1)). The evidence must have substantial relevance aside 'from showing criminality, and is not admissible unless it proves a material fact at issue in the case or to rebuts a defense of the defendant. Id. (citing State v. Altenberger, 13-2518 (La. 4/11/14), 139 So.3d 510, 515). The Louisiana Supreme Court jurisprudence recognizes that evidence of past drug crimes is of great probative value in establishing whether a defendant had an intent to distribute. Id. at 295 (citing State v. Hill, 11-2585 (La. 3/9/12), 82 So.3d 267 (per curiam); State v. Knighten, 07-1061 (11/16/07), 968 So.2d 720, 721; State v. Grey, 408 So.2d 1239, 1242 (La. 1982)). 1 lain State v. Taylor, supra, the Louisiana Supreme Court recently granted cer-tiorari to resolve the standard of proof by which the State must prove that defendant committed the prior bad acts of which evidence is sought in order for otherwise relevant prior bad act evidence to be admitted at trial. The Court concluded that the State must prove that the defendant committed the prior bad acts in question by a preponderance of the evidence. The Court opined that the trial court must conclude that there is sufficient evidence to support a finding by a jury.that the defendant committed the past crime for the evidence, to be submitted to the jury at trial. In Taylor, supra, at 290-91, the Supreme Court resolved confusion among the Louisiana circuit courts,- post-1994 Louisiana Legislative. amendments to La. C.E. art. 404(B), as to whether the standard of proof remained by clear and convincing evidence or had, because of those amendments, become “by a preponderance of the evidence.” In the Taylor case, the court traced the history of admissibility of past crimes to the seminal case of State v. Prieur, 277 So.2d 126 (La. 1973). Taylor, 21-7 So.3d at 287. In Prieur, the Louisiana Supreme Court found that a court may admit evidence of other crimes, if the State is able to show that the defendant committed.the other crime by clear and convincing evidence. Id. at 288 (Citing Prieur, 277 So.2d at 129). The Prieur court set strict prerequisites for the admission of prior crimes evidence to protect the defendant’s constitutional rights, including requiring the State to provide written notice to the defense counsel of the State’s intent to use past crimes evidence and a pre-trial hearing to establish the independent relevance of the evidence. Prieur, 277 So.2d at 130.[5] | isln 1988, the Louisiana Legislature codified Pneur’s holding by passing La". C.E. art. 404(B), and later amended the article in 1994. Taylor, 217 So.3d at 288-91. The 1988 codification made evidence of past crimes admissible for purposes “such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.” Id. at 288 (citing 1988 La. Acts 515). The 1988 version of La. C.E. art. 404(B) increased the number of situations in which evidence of other crimes may be admissible, and did not legislatively overrule the Prieur requirement for a pre-trial hearing on the evidence’s admissibility. Id. at 289. In 1994, the Louisiana Legislature amended La. C.E. art. 404(B) to address the State’s standard of proof regarding prior bad act evidence, conforming the Louisiana eviden-tiary rule to the Federal Rules of Evidence. Therefore, the Taylor court opined,' the Legislature was clear that past crimes must be proven by a lesser standard than required in Prieur, the preponderance of the evidence. Id. at 290-91 (citing Huddleston v. United States, 485 U.S. 681, 682, 108 S.Ct. 1496, 1497, 99 L.Ed.2d 771, 778 (1988)); see also State v. Bell, 15-364 (La. App. 5 Cir. 10/28/15), 178 So.3d 234, 240 (finding the State must show defendant committed past crimes by the preponderance of the evidence) (citing Huddleston, 485 U.S. at 685, 108 S.Ct. 1496; State v. Hernandez, 98-448 (La App. 5 Cir 5/19/99), 735 So.2d 888, 898-99). If the State bears its burden of proving the defendant committed the prior bad acts in question, then the trial court must also find that the prior crime 1 uevidence has substantial independent relevance aside from showing criminal character. Such evidence is not admissible unless it tends to prove a material fact at issue or to rebut defendant’s defense.[6] La. C.E. art. 404(B); Taylor, 217 So.3d at 292. To be convicted of possession with the intent to distribute a controlled dangerous substance, the State must prove two elements: “(1) a knowing and intentional possession of the substance [and] (2) with specific intent to distribute it.” Id. at 295 (citing State v. Williams, 16-32 (La.App. 5 Cir. 8/24/16), 199 So.3d 1205, 1212); Bell, 178 So.3d at 240 (citing La. R.S. 40:967(A); State v. Snavely, 99-1223 (La. App. 5 Cir. 4/12/00), 759 So.2d 950, 958, writ denied, 00-1439 (La. 2/16/01), 785 So.2d 840). The State may prove intent to distribute controlled dangerous substances through circumstantial evidence of possession if the only logical inference for the defendant’s possession is that the defendant possessed in order to distribute it. Id. (citing State v. Hearold, 603 So.2d 731, 735 (La. 1992)). The Louisiana Supreme Court has given an illustrative list of factors to consider to determine when possession of a controlled dangerous substance is evidence of intent to distribute: (1) whether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant’s possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute. Id. (quoting Hearold, 603 So.2d at 735). In light of these factors, the Louisiana Supreme Court has held that evidence of the defendant’s past drug crimes is of great probative value in proving the defendant’s intent to distribute. Id. (citing Hill, 82 So.3d 267 (per curiam)); Knighten, 968 So.2d at 721; Grey, 408 So.2d at 1241-42; see also Bell, 178 So.3d at 240-41 (finding “intent is an essential element of the crime of possession with the intent to distribute, and, as such, this court in numerous cases, has found that previous attempts to distribute may be considered in establishing intent.”) (citing State v. Carey, 07-674 (La. App. 5 Cir. 12/17/07), 975 So.2d 27, 29, writ denied, 08-0430 (La. 11/10/08), 996 So.2d 1064; State v. Quest, 00-205 (La. App. 5 Cir. 10/18/00), 772 So.2d 772, 786; State v. White, 98-91 (La. App. 5 Cir. 6/30/98), 715 So.2d 714, 717; State v. Bannister, 95-172 (La. App. 5 Cir. 6/28/95), 658 So.2d 16, 18, writ denied, 12-0645 (La. 9/12/12), 98 So.3d 302). In State v. Bell, supra, at 241, this Court found that a prior conviction of simple possession of cocaine was relevant to establish intent in a subsequent charge of possession of cocaine with the intent to distribute in violation of La. R.S. 40:967(A). In Bell, the defendant was charged in October of 2013 with one count of possession with the intent to distribute cocaine. Id. at 236. This Court found that a 2000 conviction of simple possession, where the defendant possessed an amount of cocaine with a street value between $300.00 to $400.00, had independent relevance showing intent with respect to the defendant’s subsequent conviction of possession with intent to distribute charge in 2014. Id. at 241. Similarly, in State v. Gatlin, 14-298 (La. App. 5 Cir. 10/29/14), 164 So.3d 891, 897, writ denied, 14-2518 (La. 9/25/15), 178 So.3d 565, this Court found that defendant’s prior conviction of possession of marijuana with the intent to distribute was probative evidence to establish the element of intent in a subsequent charge of possession with the intent to distribute heroin. In Gatlin, evidence of the defendant’s year old conviction of possession with the intent to distribute marijuana, where he possessed 28 bags of marijuana in his sweatshirt while at John |lfiEhret High School, was probative to show intent to distribute heroin, as intent may be established by previous attempts to distribute. Id. at 894, 897 (quoting State v. Temple, 01-655 (La. App. 5 Cir. 12/12/01), 806 So.2d 697, 709, writ denied, 02-0234 (La. 1/31/03), 836 So.2d 58). Further, this Court has found prior testimony regarding the defendant’s, past and present drug deliveries as probative evidence of defendant’s intent to distribute. Temple, 806 So.2d at 709. Here, the evidence presented at trial downloaded from defendant’s cell phone has independent relevance to prove defendant’s intent to distribute heroin and cocaine in violation of La. R.S. 40:966(A) and La. R.S. 40:967(A). The cell phone photographs depict large amounts of money and drug -paraphernalia. Detective Schlueter testified that the images were consistent with distribution of drugs. Further, the video depicting defendant packaging a brown powered substance is evidence suggestive of possession with intent to distribute of a controlled dangerous substance. The trial court did not err in admitting this evidence as'it creates an inference that defendant was possessing the heroin and cocaine for the purpose of distribution. See Bell, 178 So.3d at 240. Additionally, the text messages seized from defendant’s phone appear to evidence the negotiation of a future sale of drugs within an hour of defendant’s arrest. A message sender asked defendant whether he was “going to have the dark stuff,” to which he responded he was on the “way back with it.” Detective Schlueter testified that “dark.stuff’ is a term used among, drug dealers to describe heroin. Therefore, this evidence has independent relevance to prove intent to distribute as it contemplates a future sale of heroin. Although we find defendant’s past criminal acts are probative and have independent relevance to defendant’s intent to distribute, the text message communication negotiating a future drug deal is also relevant under the doctrine 117formerly known as. res gestae. Evidence of past crimes is independently relevant under La. C.E. art. 404(B)(1) when the evidence of another crime is an essential part of the criminal act being prosecuted. Napoleon, 119 So.3d 238 at 242-43; State v. Massey, 10-861 (La. App. 5 Cir. 6/14/11), 71 So.3d 367, 373, writ denied, 11-1621 (La. 4/20/12), 85 So.3d 1259. This Court has found that prior criminal acts are admissible when “they are so nearly connected to the charged offense that the State could not accurately present its case without reference to them. Close proximity in time and location is required between the charged offense and the other crimes evidence to insure that the purpose served by admission of other crimes evidence is not to depict defendant as a bad man, or that defendant acted in conformity with the other crime, but rather to complete the story of the crime for which he is on trial by proving its immediate context of happenings near in time and place.” Napoleon, 119 So.3d at 242-43 (citing State v. Colomb, 98-2813 (La. 10/1/99), 747 So.2d 1074, 1076); Massey, 71 So.3d at 373 (citing State v. Taylor, 01-1638 (La. 1/14/03), 838 So.2d 729, 741). The doctrine of res gestae in Louisiana acts as a rule of narrative completeness to admit evidence without which the State’s case would lose its cohesiveness. Napoleon, 119 So.3d at 243 (citing Colomb, 747 So.2d at 1076). In Napoleon, swpra, at 238, this Court found the entire continuous chain of criminal activity spanning approximately ten hours to be admissible under the doctrine formerly known as res gestae. In Napoleon, the evidence of other crimes was connected by the use of a sawed-off shotgun and a black Ford Ranger. Id. Similarly, in Massey, supra, at 374, this Court found that ¿vidence of illegally tinted windows was admissible as “prior criminal acts”, as the stop was a part of the same narrative as the facts that led to a charge of possession with the intent to distribute cocaine. ]1sIn this case, the text exchanges. regarding the “dark stuff’ were sent and received approximately one hour before defendant’s arrest on a cell phone found in the possession of defendant. The messages are close in proximity to defendant’s arrest, and the State could- not accurately present the facts of December 5, 2014 without- entering the text .messages into evidence. Once other crimes evidence is ruled admissible, the court must determine whether the probative value of the past crimes evidence outweighs its prejudicial effect' using a balancing test. Taylor, 217 So.3d at 295. Evidence, while relevant, “may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.” La. C.E. art. 403; see also Taylor, 217 So.3d at 295. According to the balancing test under La. C.E. art. 403, evidence is inadmissible when it is unduly and unfairly prejudicial to the defendant. Taylor, 217 So.3d at 295 (citing State v. Henderson, 12-2422 (La. 1/4/13), 107 So.3d 566, 568; State v. Germain, 433 So.2d 110, 118 (La. 1983)). Evidence is unfairly prejudicial to a defendant, if it lures the finder of fact to determine guilt on a basis separate from the charged offense. Id. (citing Henderson, 107 So.3d at 569; State v. Rose, 06-0402 (La. 2/22/07), 949 So.2d 1236, 1244). An appellate court will not overturn the trial court’s determination on the admissibility of evidence absent an abuse of discretion. Bell, 178 So.3d at 240 (citing State v. Williams, 02-645 (La. App. 5 Cir. 11/26/02), 833 So.2d 497, 507). Here, the evidence of defendant’s prior crimes is not unduly prejudicial. The, photographs, videos and text messages admitted' at trial—showing defendant’s past drug related crimes—do not mislead the jury, as they both show defendant’s intent and are inseparable from defendant’s arrest. -hflMoreover,, the admission of evidence of - other crime's is subject to harmless error review. State v. Jones, 09-688 (La. App. 5 Cir. 2/9/10), 33 So.3d 306, 326, writ denied, 11-1301 (La. 3/2/12), 83 So.3d 1042; State v. Jones, 08-20 (La. App. 5 Cir. 4/15/08), 985 So.2d 234, 244 (citing State v. LaGarde, 07-288 (La. App. 5 Cir. 10/30/07), 970 So.2d 1111, 1123, writ denied, 07-2412 (La. 5/16/08), 980 So.2d 706). An error is harmless when the guilty verdict is unattributable to error in admitting the evidence. Id. Here, without the photographs, videos and text messages from defendant’s cell phone, there is overwhelming evidence to support defendant’s conviction of possession with the intent to distribute heroin and cocaine. Detective Schlueter testified that the amount of both the heroin and cocaine defendant possessed at the time of his arrest would be worth about $1,200,00, Additionally, Detective Treigle testified that according to his experience as a Federal Drug Enforcement Agent that the heroin and cocaine defendant possessed is not consistent with personal use. We have found that possession of a quantity of narcotics that is so great that no other inference other than intent to distribute can prove intent under La. R.S. § 40:966 (A) and La, R.S. § 40:967 (A). Taylor, 217 So.3d at 295. This assignment of error is without merit. Assignment of Error Two In his second counseled and pro se assignment of error, defendant asserts the trial court erred when it adjudicated him as a second felony offender, subject to an enhanced sentence under La. R.S. § 15:529.1. Defendant maintains the State failed to present sufficient evidence to prove his identity, as á second felony offender. At the February 25, 2016 multiple bill hearing, the State’s fingerprint expert Joel O’Lear testified that on the morning of the hearing, he had taken defendant’s fingerprints, imprinting them on a 10-print fingerprint card, which was introduced 12ninto evidence. Mr. O’Lear testified that prior to the hearing, he had also compared those prints with the ten fingerprints contained within the certified conviction packet in State of Louisiana v. John Armstrong, Cody Brown and Dominic C. Cooper, St. Charles Parish case no. 00-0461. Specifically, the St. Charles Parish fingerprints had been imprinted on the St. Charles Parish indictment on August 22, 2001, the date on which defendant pled guilty in the St. Charles Parish case to manslaughter. Mr. O’Lear testified that in his expert opinion, the two sets of prints he compared had been donated by the same individual, defendant. At the hearing, the State pointed out to Mr. O’Lear that the St. Charles Parish prints appeared on that indictment over an August 22, 2001 certification that the St. Charles Parish fingerprints belonged to John Armstrong, one of defendant Brown’s co-defendants in the St. Charles Parish case. Mr, O’Lear confirmed that regardless of whose name appeared under the St. Charles Parish fingerprints, the prints themselves were defendant’s fingerprints. During the hearing, the State also introduced into evidence the St. Charles Parish - Certified Conviction packet, St. Charles Parish case 00-0461 minute entries which indicated that defendant pled guilty to manslaughter on August 22, 2001, was sentenced to eight years and was fingerprinted in open court, and the St. Charles Parish “Waiver of Constitutional Rights and Guilty Plea and Sentence” forms. Each document contained within the St. Charles Parish case 00-0461 Certified Conviction Packet conviction listed defendant’s name and matched the indictment number—00-0461. The Waiver of Constitutional Rights forms reflected that defendant acknowledged that during the St. Charles Parish proceeding, he was represented by counsel at the guilty plea, that he waived his right to a jury trial, his right to appointed counsel at trial, and his right to confront his accusers and to call witnesses on his behalf, as well as his right against self-incrimination; further, that he understood that a future conviction could carry an enhanced sentence. 121To prove that a defendant is a multiple offender, the State must present competent evidence that (1) defendant has a prior felony conviction and (2) that defendant is the same person convicted of the prior felony. State v. Chaney, 423 So.2d 1092, 1103 (La. 1982) (citing State v. Bernard, 366 So.2d 1294 (La. 1978); State v. Robinson 02-1253 (La. App. 5 Cir. 4/8/03), 846 So.2d 76, 85, writ denied, 03-1361 (La. 11/26/03), 860 So.2d 1131; State v. Bailey, 97-302 (La. App. 5 Cir. 4/28/98), 713 So.2d 588, 610, writ denied, 98-1458 (La. 10/30/98), 723 So.2d 971; State v. Brown, 42, 188 (La. App. 2 Cir. 9/26/07), 966 So.2d 727, 748-49, writ denied, 07-2199 (La. 4/18/08), 978 So.2d 347 (citing State v. Gray, 41,732 (La. App. 2 Cir. 1/10/17), 948 So.2d 335; State v. King, 41,083 (La. App. 2 Cir. 6/28/06), 935 So.2d 354).[7] The State may prove the defendant has been convicted of a prior felony with competent evidence, including “testimony of witnesses to prior crimes, expert testimony matching fingerprints of the accused with those in the record of prior proceedings, or photographs contained in a duly authenticated record.” Bailey, 713 So.2d at 610 (citing State v. Brown, 514 So.2d 99 (La. 1987); State v. Smith, 00-0523 (La. App. 4 Cir. 12/20/00), 777 So.2d 584, 588, writ denied, 01-0364 (La. 4/12/02), 812 So.2d 663; see also Brown, 966 So.2d at 749 (“[p]roving that a defendant is the same person convicted in the earlier offense may be accomplished through different means, including the testimony of witnesses, expert testimony with regard to the fingerprints of the accused when compared to those in the prison record introduced or by photographs contained in the duly authenticated record.”) The trial court’s ruling at a habitual offender proceeding will only be reversed if it is clearly wrong. State v. Griffin, 50,265 (La. App. 2 Cir. 11/18/15), 183 So.3d 585, 587. 122Jurisprudence prefers the State to introduce into evidence the plea transcript from the defendant’s prior felony offense. See Brown, 966 So.2d at 749. If the transcript is unavailable, the State may introduce “a guilty plea for, a minute entry, an ‘imperfect transcript’... [and] the judge must weigh the evidence submitted by the defendant and by the State and determine whether the State has met its burden of proving that the defendant’s pri- or guilty pleas was informed and voluntary, and made with an articulated waiver of the three Boykin rights.” Id. The three Boykin rights are the defendant’s right to trial by jury, the defendant’s privilege against self-incrimination and the defendant’s right to confront his accusers. Robinson, 846 So.2d at 85. If the defendant pled guilty in the prior conviction, and the defendant denies the allegations in the bill of information, the State must show the existence of a guilty plea and the defendant was represented by counsel. Bailey, 713 So.2d at 610. Although we would prefer the State to introduce the transcript from defendant’s manslaughter conviction, we find, based on the evidence presented at the multiple bill hearing, the State sufficiently proved defendant pled guilty to a felony in St. Charles Parish on August 22, 2001 while represented by counsel. The 2001 St. Charles Parish indictment reflecting defendant’s August 2001 conviction of manslaughter contains a clerical error listing John Armstrong as the individual who deposited the fingerprints. However, based upon expert John O’Lear’s testimony and the balance of the St. Charles Parish Certified Conviction packet introduced into evidence at the multiple bill hearing, we find that the State produced sufficient evidence to prove that defendant Brown is the same individual convicted of manslaughter in St. Charles Parish in case 00-0461 in August, 2001, rendering him a second felony offender. Defendant’s second assignment of error is without merit. [^ERRORS PATENT This court reviews criminal appéllate records for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990), regardless of whether defendant makes a request for errors patent review. Our review of the record show that the trial court originally sentenced defendant to a ten-year sentence without the benefit of probation, parole or suspension of sentence for count one. A conviction of possession of heroin with intent to distribute requires a sentence at hard labor not less than ten years but not more than fifty years. La. R.S. § 40:996(B)(4)(1). There is no prohibition on parole eligibility. Id. However, this sentence was vacated by the enhanced sentence on February 20, 2016, and the new sentence is consistent with La. R.S. § 15:529.1. Therefore, this error is moot. DECREE Having considered the counseled and pro se errors assigned as well as conducting the review of the record for errors patent in accordance with 'La. C.Cr.P. art 920 and finding correction unnecessary, and for the reasons discussed herein, defendant’s convictions and sentences are affirmed. AFFIRMED . Defendant was also charged with Felony Possession of Marijuana, Second Offense in violation of La. R.S. 40:966 (D)(2), Case No. 15-618. . The cell phone had been searched pursuant to a post-arrest search warrant. . Prieur, 277 So.2d at 126 (La. 1973). .Defendant was simultaneously tried in Case No. 15-618 for felony possession of marijuana. The court found him guilty following the juiy’s verdict in this case. . The full prerequisites established in Prieur are as follows: (1) The State shall within a reasonable time before trial furnish in writing to the defendant a statement of the acts and offenses it intends to offer, describing same with the general particularity required for an indictment of information.' No such notice is required as to evidence of offenses which are part of the res gestae, or convictions used to impeach defendant’s testimony , (2) ’ In the written statement the State shall specify the exception to the general exclusionary rule upon which it relies for the admissibility of the evidence of other acts or offenses. (3) Prerequisite to the admissibility of the evidence is a showing by the State that the evidence of other crimes is not merely repetitive and cumulative, is not a subterfuge for depicting the defendant’s bad character or his propensity for bad behavior, and that it serves the actual purpose for which it was offered. (4) When the evidence is admitted before the jury, the court, if requested by defense counsel, shall charge the jury as to the limited purpose for which the evidence is received and is to be considered (5) Moreover, the final charge to the jury shall contain a charge of the limited purpose for which the evidence was received, and the court shall at this time advise the jury that the defendant cannot be convicted for any charge other than the one named in the indictment or one responsive thereto. Prieur, 277 So.2d at 130. . La. C.E art. 404(B)(1) provides: B. Other crimes, wrongs, or acts. (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the' present proceeding, . The multiple felony offender statute requires the court to sentence the defendant as follows: "[i]f the second felony is such that upon a first'conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction.” La. R.S. § 15:529.1 (A)(1).