JOHTRE SCOTT

VERSUS

STATE OF LOUISIANA

NO. 23-K-244

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

June 08, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** JOHTRE SCOTT

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE M. LAUREN LEMMON, DIVISION "D", NUMBER 21,617

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Marc E. Johnson

**WRIT GRANTED**

Relator, Johtre Scott, seeks review of the trial court's March 23, 2023 ruling, which granted the State's original and supplemental "Notice of Intent to Introduce Evidence Pursuant to Louisiana Code of Evidence Article 404(B)." For the following reasons, we find that, based on the evidence introduced at the trial court hearing on the State's original and supplemental notices, the trial judge abused her discretion in finding the evidence at issue admissible under La. C.E. art. 404(B).

On March 16, 2022, a St. Charles Parish Grand Jury returned an indictment charging defendant, Johtre Scott, with the second-degree murder of Darzil Washington in violation of La. R.S. 14:30.1 and four counts of attempted second-degree murder of Darville Washington, Jayvon Lockett, Dwayne Williams, and B.I. (D.O.B. 7/26/2007), in violation of La. R.S. 14:27:30. The murder and attempted murders in this case occurred outside of a grocery store in St. Charles Parish. The ballistics evidence established that two 9mm firearms were used in the commission of the crime, but neither firearm used in connection with the crime has been recovered.

On August 11, 2022, defendant filed a "Motion in Limine to Exclude Evidence Pursuant to Articles 401 et seq. of the Louisiana Code of Evidence." In response, the State filed a "Response to Defendant's Motion in Limine to Exclude Evidence Pursuant to Articles 401 et seq. of the Louisiana Code of Evidence and State's Incorporated Notice of Intent to Introduce Evidence Pursuant to Louisiana Code of Evidence Article 404(B)." In that pleading, the State provided notice that it sought to introduce evidence seized during the execution of two search warrants pursuant to La. C.E. art. 404(B) and *res gestae* to show motive, opportunity, intent,

23-K-244

preparation, plan, knowledge, identity, and absence of mistake or accident. The evidence recovered in connection with the two search warrants, executed weeks after the crime at issue, is several firearms and ammunition—none of which has been determined to be the murder weapon or even the type of firearm or ammunition used in connection with the crime at issue.

On March 6, 2023, the State filed a "State's Supplemental Notice of Intent to Introduce Evidence Pursuant to Louisiana Code of Evidence Article 404(B)." In its supplemental pleading, the State provided notice that it sought to introduce evidence of SnapChat videos from defendant's uncle's SnapChat account—one video showing Marcus Isom, defendant's uncle, by himself, practice shooting in a wooded area with a weapon, and the second video showing Marcus Isom and defendant riding in a vehicle together with defendant brandishing a firearm and pretending to fire it, with audio that appears to state, "N's ain't playin'."[1] Additionally, the State provided notice that it sought to introduce evidence of two separate incidents in St. John the Baptist Parish involving defendant's and his uncle's possession of or access to various firearms—none of which have been determined to be the weapon used in the commission of the murder or attempted murders in this case—and one incident involving defendant's arrest for alleged possession of a stolen firearm.[2]

In support of its notices, the State argued that defendant and the murder victim, Darzil Washington, had "beef." The State's theory of the case is that the murder at issue was a "retaliation" killing against the Washington family for the prior killing of Jerome Isom, defendant's mother's long-term boyfriend who raised defendant like a father, and the prior shooting injury of Marcus Isom, defendant's uncle. The trial court found that all evidence at issue is admissible at trial under La. C.E. art. 404(B) to prove the motive of retaliation as argued by the State.[3]

Generally, evidence of other crimes or bad acts committed by a criminal defendant is not admissible at trial. La. C.E. art. 404(B)(1); *State v. Prieur*, 277 So.2d 126, 128 (La. 1973). However, when such evidence tends to prove a material issue and has independent relevance other than showing that the defendant is of bad character, it may be admitted by certain statutory and jurisprudential exceptions to the exclusionary rule. *State v. Gomez-Colon*, 20-302 (La. App. 5 Cir. 12/22/21), 334 So.3d 975, 984, *writ denied*, 22-125 (La. 4/20/22), 336 So.3d 466.

La. C.E. art. 404(B)(l) provides:

> Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in

---

[1] The state contends that a relative of the victim recorded the SnapChat videos posted on Marcus Isom's account from her cell phone and will testify to authenticate the videos. The second video at issue also reflects an assault-style weapon in the backseat of the vehicle in which defendant and Marcus Isom are riding.

[2] One incident occurred close in time to the SnapChat video of Marcus Isom practice shooting in a wooded area of St. John the Baptist Parish and the incident report tends to show, as argued by the State, that defendant was present in the wooded area while practice shooting occurred with Marcus Isom.

[3] On October 7, 2022, a hearing was held, and the trial court denied defendant's Motion in Limine. Concerning the State's original Notice of Intent, it does not appear the trial judge ruled on the State's original notice at that time. At the March 23, 2023 hearing, the trial judge discussed the State's original notice and stated that she would "open it back up" and that she would "put it all together."

2

a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

La. C.E. art. 404(B)(1) provides for the admissibility of other crimes evidence if the State establishes an independent and relevant reason for its admission. *State v. Horn*, 22-1722 (La. 2/14/23), 354 So.3d 1222, 1223. Evidence of past crimes is independently relevant under La. C.E. art. 404(B)(1) when the evidence of another crime is an essential part of the criminal act being prosecuted. *State v. Brown*, 17-348 (La. App. 5 Cir. 12/20/17), 235 So.3d 1314, 1326, *writ denied*, 18-158 (La. 11/5/18), 256 So.3d 276, *cert. denied*, -- U.S. --, 139 S.Ct. 2033, 204 L.Ed.2d 233 (2019). Even when the other crimes evidence is offered for a purpose allowed under Article 404(B)(1), the evidence is not admissible unless it tends to prove a material fact at issue or to rebut a defendant's defense. *State v. Ard*, 20-221 (La. App. 5 Cir. 4/28/21), 347 So.3d 1046, 1055. Additionally, the probative value of the extraneous evidence must outweigh its prejudicial effect. *State v. Gomez-Colon*, 334 So.3d at 984.

Evidence that constitutes an integral part of the crime, formerly known as "*res gestae*," is admissible without any prior notice to the defense. *State v. Garcie*, 17-609 (La. App. 5 Cir. 4/11/18), 242 So.3d 1279, 1284–85. A close connexity between the charged and uncharged conduct is required to ensure that "the purpose served by admission of the other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place." *Id.*

Further, under certain circumstances, evidence of certain gang affiliation and rivalries may be deemed admissible to show the motive for a defendant's actions that caused injury or death to a victim, who is a member of a rival gang. See *State v. Walker*, 16-293 (La. App. 5 Cir. 12/14/16), 206 So.3d 474, 484, *writ denied*, 17-0190 (La. 9/29/17), 227 So.3d 284 ("[the State's] notice also provided additional references to reported incidents of alleged violence between the two gangs the State intended to introduce at trial.").

In this case, although the State set forth a persuasive argument at the hearing on the State's notices concerning the rivalry between the Washington and Isom families to support admissibility to prove the motive of retaliation under La. C.E. art. 404(B), a review of the evidence sought to be deemed admissible at trial does not establish any connection between the alleged rival families. Specifically, no evidence of the prior alleged murder of Jerome Isom or the prior shooting of defendant's uncle, Marcus Isom, was introduced or sought to be deemed admissible at trial. Further, the State failed to introduce or seek to introduce any evidence establishing any connection between the Washington family and the prior alleged murder of Jerome Isom and the prior shooting of Marcus Isom. The evidence sought to be introduced does not establish any connection between the two alleged rival families. Moreover, the evidence sought to be introduced is not an integral part of the crime charged, nor does it "complete the story of the crime on trial by proving its immediate context of happenings near in time and place." *State v. Garcie*, 242 So.3d at 185.

Upon thorough review of the writ application and the attachments thereto, and the opposition filed by the State, we find that the State failed to meet its burden

to prove the admissibility of the prejudicial evidence at issue. Accordingly, we find the trial judge abused her discretion in granting the State's notices of intent and we grant the writ, reverse the trial court's March 23, 2023 ruling granting the State's original and supplemental "Notice of Intent to Introduce Evidence Pursuant to Louisiana Code of Evidence Article 404(B)," and remand this matter to the trial court for further proceedings.

Gretna, Louisiana, this 8th day of June, 2023.

**FHW**
**JGG**
**MEJ**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **06/08/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

## 23-K-244

### E-NOTIFIED
29th Judicial District Court (Clerk)
Honorable M. Lauren Lemmon (DISTRICT JUDGE)
Cristy Guzman (Relator)

### MAILED

Louis G. Authement (Respondent)
Attorney at Law
13919 River Road
Suite 300
Luling, LA 70070

Sarah Chervinsky (Relator)
Attorney at Law
1820 St. Charles Avenue
Suite 212
New Orleans, LA 70130

Jeffrey Hufft (Relator)
Attorney at Law
3500 North Causeway Boulevard
Suite 185
Metairie, LA 70002

Hon. Honorable Joel T. Chaisson, II
(Respondent)
District Attorney
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Linda Trexler* ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)* Linda Trexler  C. Date of Delivery 6/12/23 |

**1. Article Addressed to:**

Hon. Honorable Joel T. Chaisson, II
District Attorney
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057
23-K-244                          06-08-23

D. Is delivery address different from item 1? ☑ Yes
   If YES, enter delivery address below: ☐ No

SECURITY

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 2434 6249 3634 20

**3. Service Type**
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...Mail
☐ ...Mail Restricted Delivery
  (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

**2. Article Number** *(Transfer from service label)*

7016 2070 0000 0954 7998

PS Form 3811, July 2015 PSN 7530-02-000-9053                          Domestic Return Receipt

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jeffrey Hufft
Attorney at Law
3500 North Causeway Boulevard
Suite 185
Metairie, LA 70002
23-K-244                    06-08-23

9590 9402 2434 6249 3634 13

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 8001

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☑ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
                                   6/14/23

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt