STATE OF LOUISIANA      *      NO. 2020-K-0369

VERSUS      *

                 **COURT OF APPEAL**

TROY ALLEN      *

                  **FOURTH CIRCUIT**

     *

                  **STATE OF LOUISIANA**

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 546-788, SECTION "SECTION K"
Honorable Hunter P. Harris, Judge, Pro Tempore
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins)


Leon A. Cannizzaro, Jr., District Attorney
Donna Andrieu, Assistant District Attorney
Michael G. Morales, Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY
619 S. White Street
New Orleans, Louisiana 70119

     COUNSEL FOR RELATOR/STATE OF LOUISIANA


Cody Brown
ORLEANS PUBLIC DEFENDERS
2601 Tulane Avenue, Suite700
New Orleans, Louisiana 70119

     COUNSEL FOR RESPONDENT/DEFENDANT


               **WRIT GRANTED; RULING REVERSED**


         **SEPTEMBER 30, 2020**

The State seeks review of the trial court's July 6, 2020 ruling sustaining the defendant's objections to the State's Notice to Offer Evidence of Other Crimes, Wrongs, or Acts pursuant to La. C.E. art. 404(B)(1), and thereby denying the State's *Prieur* notice. For the following reasons, we grant the State's writ and reverse the trial court's ruling.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 5, 2019, the defendant was charged by bill of information with possession of a firearm by a felon, in violation of La. R.S. 14:95.1; possession of drug paraphernalia, in violation of La. R.S. 40:1023; possession with intent to distribute cocaine in an amount less than 28 grams, in violation of La. R.S. 40:967(B)(1)(a); and possession with intent to distribute heroin, in violation of La. R.S. 40:966(B)(3). On September 9, 2019, the defendant appeared for arraignment and pled not guilty.

On February 19, 2020, the State filed a notice of its intent to offer evidence of other crimes, wrongs, or acts pursuant to La. C.E. art. 404(B)(1). On June 29, 2020, the trial court conducted a hearing on the State's La. C.E. 404(B)(1) motion.

The facts supporting the State's motion were obtained from the New Orleans Police Report dated August 13, 2019. In the month of August 2019, NOPD Detective Sherife Davis obtained information from a proven reliable informant, who stated he observed the defendant, who was unknown to the informant, selling heroin. The informant provided Det. Davis with a clear description of the defendant, his vehicle, and a phone number. Based on the information provided, Det. Davis decided to conduct a controlled purchase using the informant. Det. Davis provided the informant with currency from the NOPD narcotics fund to use in purchasing cocaine from the defendant. The informant called the defendant's cellphone and requested crack cocaine. The defendant agreed over the phone to provide the informant with a place to meet. Det. Davis and his partner then set up surveillance at the location provided to the informant. The defendant arrived in a gray Impala vehicle bearing a temporary license plate, as previously described by the informant. Det. Davis observed the informant and the defendant speak through the driver's side window of the vehicle. The informant handed the defendant currency in exchange for a small item placed in the informant's hand. The defendant drove away while under surveillance by Det. Davis' partner.

Det. Davis parked next to the informant and retrieved the crack cocaine that he had purchased from the defendant. Det. Davis continued the surveillance of the defendant with his partner. The detectives eventually followed the defendant to the 800 block of Adele Street where he was observed entering the residence with a key.

Within days of the first controlled purchase, Det. Davis contacted the informant and orchestrated a second controlled purchase.[1] Det. Davis and two additional officers set up surveillance at the defendant's residence. Det. Norbert Carroll met with the informant and provided NOPD currency with which to make the purchase. The informant called the defendant and ordered cocaine. The defendant provided the informant with a place to meet. Det. Carroll notified the officers conducting surveillance at the defendant's house that the purchase had been arranged. Det. Carroll maintained surveillance of the informant.

Soon after the controlled purchase was arranged, the officers surveilling the defendant's home observed him exit his home and enter a vehicle driven by an unknown black male. The defendant traveled to the meeting place provided to the informant while under the surveillance of the detectives. Once the defendant arrived at the agreed-upon location, the detectives observed the defendant deliver the cocaine to the informant and receive the currency with a handshake. The informant placed the narcotics purchased in a designated pocket indicating a successful purchase and walked to a safe location. Det. Davis met the informant and received the purchased substance. The substance was immediately recognizable as crack cocaine.

On August 9, 2019, Det. Davis authored an application for a search warrant of the defendant's residence at 815 Adele Street, based upon the narrative of the two controlled purchases, and the search warrant was granted. On August 13, 2019, the Major Case Narcotics Unit executed the search warrant. Det. Davis maintained surveillance of the front door. As the defendant exited his front door to

---

[1] The affidavit for the search warrant, applied for by Det. Davis on August 9, 2019, states that both purchases were made in August 2019, with the second occurring within 72 hours of the application for search warrant.

get into a waiting taxi, he was detained by NOPD officers stationed nearby. After the defendant was detained, the detectives entered the residence and secured it. The detectives spoke with the lessee of the residence who informed them that the defendant sub-leased the back bedroom. A search conducted of the defendant's bedroom yielded drug paraphernalia including a scale with residue and plastic bags. In addition, a firearm was located in a separate bedroom, which the lessee stated was previously occupied by the defendant.

During the search of the residence, the defendant was detained in a police vehicle. Det. Davis observed the defendant struggling with something in the backseat of the police vehicle. Det. Davis opened the vehicle door and found the defendant attempting to remove a long sock from the rear of his pants. Det. Davis grabbed the sock and felt a small hard object, that was identified as crack cocaine and heroin inside a sandwich bag. Det. Davis then advised the defendant he was under arrest and he was read his *Miranda* rights. In a search of the defendant, officers seized $780.00 confiscated as drug proceeds. The defendant acknowledged his rights and told Det. Davis there were no more drugs inside the residence.

In the State's notice of intent to offer evidence of other crimes, wrongs, or acts pursuant to La. C.E. art. 404(B(1), the State seeks to introduce evidence of the two controlled buys as *res gestae*, providing the basis for the search warrant which lead to defendant's arrest. The State also asserts the controlled buys are relevant to establish identity, knowledge, plan, preparation and intent to distribute narcotics.

The State also seeks to introduce evidence of the defendant's prior conviction for distribution of cocaine, as the predicate offense for the defendant's possession of a firearm by a convicted felon. On January 24, 2018, in case number 538619, the defendant entered a plea of guilty to the charge of distribution of

4

cocaine. According to the police report in that case, the defendant's arrest arises from a narcotics buy/bust operation conducted by NOPD Narcotics detectives with assistance from Louisiana State Troopers and NOPD Second District. On August 1, 2017, an undercover detective made contact with the defendant outside the Magnolia Discount Zone at 3415 South Carrollton Avenue. The undercover detective approached the defendant, saying, "Say dog, I was talking to your boy, he told me I could get some hard from you." The defendant responded "Yea I got it" and entered the detective's unmarked vehicle. The defendant told the undercover detective to drive him to a location and, when they arrived, the defendant removed narcotics from his sock and provided it to the detective in exchange for the agreed upon price of forty dollars; the defendant then exited the vehicle and the undercover detective left the area. A field test of the purchased narcotics tested positive for cocaine. Subsequently, the Narcotics unit applied for and was granted an arrest warrant for the defendant, who was arrested on October 25, 2017.

After hearing oral arguments regarding the State's notice of intent to introduce the other crimes evidence and the defendant's objections, the trial court took the matter under advisement. On July 6, 2020, the trial court denied the "State's motion" without reasons.

The State timely noticed its intent to seek a writ on the trial court's ruling, and the State timely filed the instant writ application.

## DISCUSSION

The State argues that the trial court erred in ruling that the evidence of the two controlled purchases, that were the basis of the search warrant of the defendant's residence, and the evidence of defendant's prior conviction for distribution of cocaine are inadmissible in the State's case in chief.

The State seeks to introduce evidence of the prior incidents pursuant to La. C.E. art. 404(B)(1), which provides:

> Except as provided in Article 412 [not applicable here], evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to the conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

Generally, the courts may not admit evidence of other crimes to show that a defendant has acted in conformity with his bad character. *State v. Lee*, 05-2098, p. 44 (La. 1/16/08), 976 So.2d 109, 139. However, "the State may introduce evidence of other crimes if the State establishes an independent and relevant reason, *i.e.*, to show motive, opportunity, intent, or preparation, or when the evidence relates to conduct which constitutes an integral part of the act or transaction that is the subject of the present proceeding." *Id*. First, the State must provide notice to the defendant prior to trial of its intention to introduce such evidence, and the defendant is entitled to a hearing during which the State must prove that the defendant committed the other acts. *Lee*, 05-2098, p. 44, 976 So.2d at 139; *State v. Prieur*, 277 So. 2d 126 (La. 1973). At a hearing, the State must show that the evidence will be offered to prove a material fact genuinely at issue, and that the probative value of such evidence outweighs its prejudicial effect. *Garcia*, 09-1578, p. 39 (La. 11/16/12), 108 So.3d 1, 55, citing *Lee*, *supra*, and *State v. Hatcher*, 372 So. 2d 1024 (La. 1979).

A trial court's ruling on the admissibility of evidence pursuant to art. 404(B)(1) will not be disturbed absent an abuse of discretion. *State v. Wilson*, 12-

6

1765, p. 15 (La. App. 4 Cir. 2/12/14), 138 So. 3d 661, 673; *Garcia*, 09-1578, p. 55, 108 So.2d at 39.

Courts have allowed the State to introduce evidence of prior drug sales in cases where the intent to distribute was an element that the State had to prove. In most of these cases, the prior drug sales occurred within a short time. In *State v. Knighten*, 07-1061 (La. 11/16/07), 968 So. 2d 720, the defendant was charged with possession with the intent to distribute marijuana, and the State sought to introduce evidence of three controlled purchases made at the defendant's home three days before the date listed in the bill of information. Although the trial court refused to allow the introduction of this evidence, and the appellate court denied writs, the Louisiana Supreme Court reversed, stating in pertinent part as follows:

> This Court "has recognized that evidence of other drug sales is of great probative value in establishing intent to distribute when it is an essential element of the crime charged." *State v. Grey*, 408 So.2d 1239, 1242 (La. 1982). In the present case, given the nearness in time and place to the charged offense, the prior transaction has particular independent relevance to the question of whether defendant possessed the marijuana on April 10, 2002 with the specific intent to distribute. The probative value of the prior sale remains undiminished evidence that the same informant conducted a second controlled buy under similar circumstances immediately before execution of the search warrant for defendant's residence.

*Knighten*, 07-1061, pp. 1-2, 968 So.2d at 721; *see Grey*, 408 So.2d at 1242 (holding that evidence of a drug sale to informant three weeks before defendants' arrests and of other sales to the same informant within three months of the execution of the search warrant had "great probative value in establishing intent to distribute when it is an essential element of the crime charged…").

The Louisiana Supreme Court also found evidence of prior drug transactions admissible in *State v. Scott*, 09-1658 (La. 10/22/10), 48 So.3d 1080. In *Scott*, the defendant was charged with possession with the intent to distribute cocaine, and

7

the State introduced evidence of three prior cocaine transactions from the same location in the month preceding the police raid that led to the defendant's arrest. The Court held that this evidence was relevant to show the defendant's intent to distribute. *Scott*, 09-1658, pp. 8-9, 48 So.3d at 1085.

Also, in *State v. Taylor*, 16-1124 (La. 12/1/16), 217 So.3d 283, the State asserted it intended to use the defendant's prior plea of guilty to a possession with intent to distribute charge to demonstrate intent to distribute narcotics in the case pending. The defendant argued, as here, that he was not disputing intent and thus the prior acts served no purpose other than to paint him as a bad person with a propensity for crime. The *Taylor* Court stated:

> "This court has recognized the principle that where the element of intent is regarded as an essential ingredient of the crime charged, it is proper to admit proof of similar but disconnected crimes to show the intent with which the act charged was committed." *State v. Jackson*, 625 So.2d 146, 150 (La. 1993) (quoting *State v. Cupit*, 189 La. 509, 179 So. 837, 839 (1938)). The offense of possession with intent to distribute a controlled dangerous substance is comprised of two elements: (1) a knowing and intentional possession of the substance (2) with a specific intent to distribute it. *State v. Williams*, 16–32 (La.App. 5 Cir. 8/24/16), 199 So.3d 1205, 1212. Thus, "specific intent is required to commit the crime to possess cocaine with intent to distribute." *State v. Elzie*, 343 So.2d 712, 713 (La. 1977).

> In *State v. Hearold*, 603 So.2d 731, 735 (La. 1992), this court explained that "intent is a condition of mind which is usually proved by evidence of circumstances from which intent may be inferred." We further re-stated certain factors which are useful in determining whether circumstantial evidence is sufficient to prove the intent to distribute a controlled dangerous substance: (1) whether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant's possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute." *Id*. (Emphasis added). This court has explicitly recognized that evidence of other drug sales is of great probative value in establishing intent to distribute when it is an essential element of the

crime charged. *State v. Hill*, 11–2585 (La. 3/9/12), 82 So.3d 267 (*per curiam*) ("In a prosecution for possession of contraband drugs with intent to distribute, evidence of prior acts of distribution is admissible on the question of specific intent."); *State v. Knighten*, 07–1061 (La. 11/16/07), 968 So.2d 720, 721; *State v. Grey*, 408 So.2d 1239, 1242 (La. 1982).

While the defendant argues intent is not a genuinely contested issue, his actual defense will be unknown until trial. Defendant is not bound by a pre-trial statement that intent will not be contested. In the current posture of this case, the state still has the burden of proving specific intent, an essential element of the crime charged, and the jury will be specifically instructed in this regard prior to deliberations. Thus, we find evidence of defendant's 1999 PWITD cocaine conviction relevant under Article 404(B)(1). As the case develops at trial, should it be clear that intent will not be disputed, the district court can revisit the issue.

*Taylor*, 16-1124, pp. 16-17, 217 So.3d at 294-295.

In the instant case before this Court, the State will be required to demonstrate that the defendant intended to distribute the narcotics he possessed. The prior acts of distribution to the informant were in close proximity to the arrest of the defendant and provided the basis for the search warrant for the defendant's residence. These acts are clearly relevant to demonstrate that the defendant intended to distribute the narcotics he was in possession of on the date the search warrant was executed. In addition, as discussed in *Taylor*, the prior conviction is relevant to show the defendant intended to distribute the narcotics he possessed.

While the trial court did not provide reasons for denying the State's La. C.E. 404(B)(1) motion, upon our review, we find that the evidence is more probative than prejudicial and is clearly relevant to demonstrate intent to distribute. Consequently, we find that the trial court erred in granting the defendant's objections and denying the State's motion to introduce the prior crime evidence.

9

## CONCLUSION

For the foregoing reasons, we grant the State's writ and reverse the trial court's ruling denying the State's admission of the other crimes evidence.

**WRIT GRANTED; RULING REVERSED**